# Commonwealth *v.* Frank Krause, Appellant.

*Criminal law—Murder—Evidence.*

A verdict of guilty of murder of the first degree will be sustained where the evidence shows that the prisoner had been angry with the deceased because she refused to marry him; that he armed himself with a revolver, called the girl from the house, and fired five shots, the first, third and fifth of which were aimed at and struck her, inflicting mortal wounds, the other two being directed at persons who had interfered for her protection.

On the trial of an indictment for murder a letter dated January 31, 1898, but which the contents showed was written on January 31, 1899, a month only before the murder, is competent to prove the state of the prisoner's mind toward the deceased at the latter date.

Argued Oct. 9, 1899. Appeal, No. 216, Jan. T., 1899, by defendant, from judgment of O. & T. Lehigh Co., April T., 1899, No. 25, on verdict of guilty of murder of the first degree. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Indictment for murder. Before ALBRIGHT, P. J.

At the trial it appeared that on March 3, 1899, the prisoner shot and killed Maggie Guth. The deceased had refused to marry the prisoner.

The commonwealth offered in evidence the following letter:

"Cetronia, January 31, 1898. Dear Brother: As I thought it is best for me to leave Cetronia once or I might come in the biggest trouble that I ever was in all my life. So I wish you and none of my brothers and sisters and my father and mother shall not worry themselves about me for I am trying to strike a better country than this. I will not leave you know where I am until I have settled down once, so please don't worry yourselves about me because why I leave is this trouble, is trouble one after the other there so many friends and some God damn suggers around there which have too much trouble with me and go and tell stories from me; and Maggie, my best friend in the world that I'd do anything in this world is going back on me. I would give my last drop of blood for her, but she is going back on me, and just for such God damn suggers as there

are such a God damn son-of-bitch went to work and wrote a
letter to Maggie's father and mother that he would pitty Mag-
gie if she got me for a man.   If I could find that out who wrote
that letter I would shoot the son-of-a-bitch in less time than
half a day."

Defendant's counsel objected as follows: We object to the
letter because it is not signed; it is an anonymous letter.   It
is addressed to dear brother and is dated a month (year) or so
before this occurrence, dated January 31, 1898.

The Court: The objection is overruled; letter admitted; de-
fendant excepts; bill sealed. [4]

The circumstances of the shooting are detailed in the opinion
of the Supreme Court.

The prisoner presented the following point:

Under all the evidence the verdict cannot be guilty of a
higher degree than murder of the second degree.   *Answer:* Re-
fused. [1]

Verdict of guilty of murder of the first degree upon which
judgment of sentence was passed.

*Errors assigned* were (1) above instruction, quoting it;
(4) admission of letter as above, quoting it.

*J. Marshall Wright,* with him *J. J. Snyder,* for appellant.—
There was absolutely no evidence upon which the jury could
convict of a higher crime than murder of the second degree.

*Clinton A. Groman,* district attorney, with him *Leo Wise,* for
appellee.—Whatever in this case tended to prove that the kill-
ing was not accidental contributed also to establish that it was
wilful, malicious and with a design to kill: Cathcart v. Com.,
37 Pa. 108; McCue v. Com., 78 Pa. 185; Quigley v. Com., 84
Pa. 18; Com. v. Mosler, 4 Pa. 264; Com. v. Eckerd, 174 Pa.
137; Com. v. Drum, 58 Pa. 17; Kilpatrick v. Com., 31 Pa. 198.

The essential ingredients necessary to sustain a verdict of
guilty of murder in the first degree have been made out by the
evidence: Mulatto Bob, 4 Dallas, 145; Lynch v. Com., 77 Pa.
205.

OPINION BY MR. JUSTICE FELL, October 30, 1899 :

At the close of the testimony there was but one subject as to which there could be a possible doubt. That was the degree of the crime. The killing and the circumstances connected with it had been established by testimony which was without contradiction or conflict. There was not even a pretense of a legal justification which would reduce the grade of the crime below that of murder. The prisoner had offered to withdraw his plea of not guilty and to enter a plea of guilty of murder of the second degree. The argument now made in his behalf is in support of an assignment of error to the refusal of the court to charge that the testimony did not warrant a conviction of murder of the first degree. In refusing so to charge the court was clearly right.

The prisoner fired five shots from a revolver, the first, third and fifth of which struck Maggie Guth, inflicting wounds, two of which were mortal. The second and fourth shots were fired at persons who had interfered for her protection, and one of them was fatal. In fixing the degree of murder the testimony warranted the conclusion that the prisoner had taken the revolver from his room and called his victim from the house with the purpose of killing her. A motive was shown. The nature of the weapon and the manner of its use indicated an intention to kill. That he armed himself and called a helpless girl, with whom he was angry, from the house, and continued to shoot at her after being twice interrupted, indicated not only a specific intent to kill, but also that his mind was fully conscious of its own purpose and design, and that the killing was deliberate and premeditated.

The second and third assignments were not argued, and we notice the fourth only because in the form in which the offer and objection appear they do not fairly present the question which was before the court. The letter written by the prisoner to his brother is dated January 31, 1898. His acquaintance with Maggie Guth did not commence until September, 1898, and the letter was evidently written January 31, 1899, a month only before the murder. As indicating his state of mind at the latter date, which was after she had refused his attentions, it was competent testimony. The case was carefully and ably

tried by the learned judge, and the record is entirely free from error.

The judgment is affirmed, and it is directed that the record be remitted in order that the sentence may be carried into execution according to law.