# Commonwealth v. Gibson, Appellant.

*Criminal law—Murder—First degree—Evidence—Self-defense.*

On the trial of an indictment for murder the case as presented by the commonwealth was that the prisoner and deceased while playing cards in a room got into a wordy dispute which led to a challenge to go out and fight; whether the challenge was given by the deceased or the prisoner was disputed, but the deceased got up and went out; followed by the prisoner, who as he arose put his hand to his hip pocket and partially drew a revolver; he then went out the door and almost immediately fired the shot that killed the deceased. There was other testimony that the prisoner had exhibited the revolver some time before and remarked that it was for certain persons including the deceased. The prisoner alleged that he shot in self-defense when the deceased was advancing upon him with a razor. *Held,* that the evidence was sufficient to support a verdict of guilty of murder of the first degree.

*Criminal law—Murder—Malice—Presumption—Evidence—Deadly weapon.*

Legal malice as an ingredient of murder is presumed from the use of a deadly weapon against a vital part of the body.

Where the evidence clearly negatives the crime of manslaughter the judge is under no obligation to charge the jury on that grade of homicide.

*Criminal law—Murder—Charge—Witness.*

On the trial of an indictment for murder the trial judge is under no

---

*Also reported 67 N. W. Repr. 379. Reporter.

obligation to charge the jury as to the possible or probable bias of a brother of the deceased who is called as a witness for the commonwealth.

In general, the weight and credibility, including favor or prejudice, of witnesses, is for the jury.

Argued Feb. 27, 1905. Appeal, No. 6, Jan. T., 1905, by defendant, from judgment of O. & T. Phila. Co., on verdict of guilty of murder of the first degree in case of Commonwealth v. Joseph Gibson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Indictment for murder. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented, inter alia, this point:

The jury in considering the testimony of Noah Sanders should bear in mind the fact that he is the brother of the deceased, and that in criminal cases a near relative generally comes to the witness stand with strong feelings of sympathy and bias, which gives color to his or her testimony, however truthful the witness may even try to be, consequently the relationship should be considered in estimating the value and weight which should be given to his testimony. *Answer.* Refused.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed.

*Errors assigned* were various instructions, and refusal of defendant's point as above.

*Frederick Beyer*, with him *Caldwell K. Biddle*, for appellant.

*Chester N. Farr, Jr.*, assistant district attorney, with him *John C. Bell*, district attorney, for appellee.

PER CURIAM, April 17, 1905:

The case as presented by the commonwealth was that the prisoner and the deceased while playing cards in a room got into a wordy dispute which led to a challenge to go out and fight; whether the challenge was given by the deceased or the prisoner was disputed, but the deceased got up and went out, followed by the prisoner who as he rose put his hand to his hip pocket and partially drew a revolver; he then went out the

door and almost immediately fired the shot that killed the deceased. There was other testimony that the prisoner had exhibited the revolver some time before and remarked that it was for certain persons including the deceased. But disregarding this last testimony the facts presented by the commonwealth contained all the elements of murder of the first degree, and the jury found them to be proved.

The killing was admitted, and the defense was that the deceased was advancing towards the prisoner with a razor, and the latter fired in self-defense. It was a plain and single issue between murder and self-defense, and the learned judge wisely forbore to burden the jurors' minds with irrelevant legal definitions and stated to them clearly and concisely the different views of the facts which they might find under the evidence and the proper verdict which should accompany the respective findings. In the course of the charge the law of self-defense was clearly and fully stated. This was all that the case called for.

Complaint is made that the judge declined to charge specifically that malice must be proved beyond a reasonable doubt. But legal malice as an ingredient of murder is presumed from the use of a deadly weapon against a vital part of the body. There was no evidence in the case which required any more extended discussion of this subject.

Nor was there any evidence which required a discussion of manslaughter. The undisputed facts negatived any killing in hot blood upon sufficient provocation, and the prisoner's own testimony as already said reduced the issue to murder or self-defense.

One of the witnesses for the commonwealth was a brother of the deceased, and it is assigned for error that the judge declined to charge the jury on his possible or probable bias. The judge was under no obligation to do so. He may do so in an advisory manner when it seems to him important to direct the jury's attention specially to the nature and circumstances of any particular witness' testimony, but in general the weight and credibility, including favor or prejudice, of witnesses is for the jury.

Judgment affirmed and record remitted to the court below for the purpose of execution.