## Commonwealth *v.* Carroll, Appellant.

Argued January 27, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

136

William T. Connor, with him John R. K. Scott, for appellant.

Vincent P. McDevitt, with him Ephraim Lipschutz, Assistant District Attorneys, and Charles F. Kelley, District Attorney, for appellee.

OPINION BY MR. JUSTICE MAXEY, April 19, 1937:

The appellant was indicted in two bills of indictment, one charged murder and the other voluntary and involuntary manslaughter. He was convicted of murder in the second degree and sentenced to imprisonment for a maximum term of 20 years and a minimum term of 6 years.

Fuller B. Conway met his death as a result of being struck a number of blows by the appellant, on August 17, 1936. This appeal is based on the court's statement to the jury that he saw in this case no basis from a legal standpoint for a manslaughter charge, saying "there is no evidence here that there was any sudden heat of passion developed. Blows were struck, evidently calmly and deliberately, but the defendant says that he did it in self-defense."

An eyewitness to the homicide testified that he witnessed the fatal meeting between the appellant and the deceased and that after some conversation between the two the defendant attempted to push the deceased away. He said, "They got to fighting and Conway was down. Conway got up and Carroll hit him again, and he went

down again, that was the second time." The witness was asked if he (defendant) attacked the man after he was down the second time, and he answered: "Yes, I pulled him off, and he [Carroll] kicked at him [Conway]." This witness testified that Carroll struck the first blow. He said that "Carroll was fighting, Conway could not fight." Another witness testified that Carroll hit Conway, that Conway fell, that he got up and Carroll hit him again and he fell.

The defendant testified as follows: "He [the deceased] made a pass at me, but did not hit me, and I pushed him with my hand, and he fell. When he got up he came to me again and struck me on the side of the head. He scrambled in the street and I hit him at close range with all my force, and he fell flat on the curb, and did not get up any more."

Every unlawful killing is presumed to be murder in the second degree, and "the burden of reducing the crime from murder to manslaughter where it is proved that the prisoner committed the deed, lies on him": *Com. v. Drum,* 58 Pa. 9. In any case where there is evidence which might lead a jury to accept defendant's theory of voluntary manslaughter the jury must be given an opportunity to find such a verdict. See *Com. v. Colandro,* 231 Pa. 343, 80 A. 571. In *Com. v. Curcio,* 216 Pa. 380, 383, 65 A. 792, this court said: "While it is not the duty of the court to submit the question of manslaughter where there is nothing in the testimony to reduce the grade of the crime below murder, instruction on this subject should be refused only in very clear cases: *Com. v. Sutton,* 205 Pa. 605 [55 A. 781]. The cases in which the omission or refusal of the court to instruct as to manslaughter has been sustained were cases free from possible doubt. . . . If there is any evidence that would reduce the crime to manslaughter, the defendant is entitled to have the jury instructed upon the subject."

The affray in which the deceased in the instant case met his death was a street fight. Sudden passion is

usually incident to such a fight. Voluntary manslaughter consists of an intentional and unlawful killing of a human being, without malice, either express or implied, but committed under the influence of sudden passion due to a legally adequate provocation. When a mutual combat is proved, as here, there must be more conclusive evidence against the defendant than appears in the case under review, before a trial judge is warranted in instructing the jury "there is no evidence that there was any sudden heat of passion developed" and that "blows were struck calmly and deliberately." As the record in this case stood, it was for the jury to find those facts, if such were the facts.

The judgment is reversed and a venire facias de novo is awarded.