Commonwealth ex rel. Mayernick *v.* Ashe, Warden.

PER CURIAM, April 10, 1940:

An examination of the records, sent up with the

answers to the rule granted on relator's petition for writ of habeas corpus, shows the following: On April 6, 1939, the relator was sentenced in the Court of Quarter Sessions of Allegheny County (No. 173 April Sessions, 1939) to undergo imprisonment at separate and solitary confinement at labor in the Western Penitentiary for not less than five years nor more than ten years, effective as of March 21, 1939. No indictment had been found against relator, but sentence was purportedly imposed under the provisions of the Act of April 15, 1907, P. L. 62, which provides that in all criminal cases except homicide, a defendant charged with the commission of a crime may enter a plea of guilty, without the presentation of a bill of indictment to a grand jury and the finding of a true bill against him. Being in derogation of the common law, its provisions must be strictly observed. They are:

1. The district attorney must prepare a bill of indictment in the usual form—and this means just such an indictment as he would present to a grand jury—which must be sanctioned by him (*Com. ex rel. Fagan v. Francies*, 53 Pa. Superior Ct. 278, 289), that is authenticated, or signed by him.

2. The defendant's plea of guilty shall be entered thereon.[1] It is our opinion that this means that the plea must be endorsed or entered on the 'indictment', and in view of the lack of a finding of a true bill by the grand jury, and the requirement that it be entered at defendant's request, the plea should be signed by the defendant if able to do so, and if not, his mark should be made in the presence of and be witnessed by the clerk, or a court officer. This attests his request that

---

[1] The language of the statute is: "...... the district attorney shall at once prepare a bill of indictment, *in the usual form,* and the *plea of guilty shall,* at the request of the said defendant or defendant's counsel, *be entered thereon"* (Italics supplied)—that is, the plea of guilty is to be entered on the bill of indictment so prepared by the district attorney.

the plea of guilty be so entered. These are safeguards, designed to avoid any uncertainty as to what the defendant was charged with and to what he pleaded guilty. As this court said in *Com. ex rel. Fagan v. Francies,* supra, speaking through President Judge RICE: "It is essential to the protection of the accused in his right to be informed as to the precise accusation to which he is to plead, and if convicted by his own confession as to the precise crime and the lawful punishment prescribed therefor for which he is to be sentenced. It is essential also in order that the judgment shall be so certain as to enable him to plead it effectually to a subsequent prosecution for the same offense. To hold that this provision is merely directory, and that want of compliance with it is a mere informality which is cured or waived by a premature plea of guilty, would not be warranted either by the letter or spirit of the act, and would be in contravention of general principles universally recognized as most material in the administration of punitive justice. The very case we have before us shows the confusion and uncertainty that are likely to result if it be held that the statutory safeguards may be disregarded or treated as mere technicalities and not as matters of substance. If an accused is to be deemed to have waived them, and to have consented to be sentenced to infamous punishment, such waiver and consent must be affirmative and express, and may not be rested on doubtful and uncertain inference."

In the case now under consideration, a printed form of indictment was used which made provision for five counts. Two of them, charging (1) larceny of an automobile and (2) accessory before the fact to said larceny, were filled in; the other three were not filled in but were left entirely blank. The bill was not signed or authenticated by the district attorney. A rubber stamp with blanks left to be filled in and a space below for the defendant or defendants to sign was impressed on the

bill, but the blanks were not filled in and the plea was not signed.

We are of opinion that the provisions of the Act of 1907, supra, were not substantially complied with, and following the decision of this court in *Com. ex rel. Fagan v. Francies,* 53 Pa. Superior Ct. 278, and the reasons therefor so well stated by Judge RICE on pp. 290-293, that the sentence of the court imposed thereon was void for want of jurisdiction under the Act.

We may further note that the information or complaint before the justice of the peace on which the bill of indictment was based, which was sent up with the record, charged that the defendant had stolen the automobile at Lisbon, in the State of Ohio, showing on its face lack of jurisdiction to try the offense charged in Allegheny County, Pennsylvania.

The relator, in his petition for habeas corpus, denied that he had stolen the automobile, or that he had requested or intended to plead guilty to that charge; but he admitted that he had received the automobile in Ohio knowing it had been stolen, and had transported it into the State of Pennsylvania, contrary to the Act of June 20, 1919, P. L. 542. In view of this fact we suggest that an indictment under that Act be prepared, to which relator may plead guilty, or that, by leave of court, it be presented to a grand jury, before the bar of the statute of limitations runs.

We also note that at the commission of the above offense, relator was on parole from the same penitentiary following his transfer there from the Pennsylvania Industrial School at Huntingdon, Pennsylvania, and that a detainer against his release has been lodged with the warden by the Board of Pardons through the State Supervisor of Paroles; and that the district attorney has been notified by the Village of Lisbon, Ohio, that an information for stealing an automobile—the same automobile that relator admits driving from Ohio into Pennsylvania—has been made against relator, and that

the district attorney has been instructed to hold the relator for the Ohio authorities; the warrant having been served on the district attorney.

Subject to the above detainers, it is ordered that the relator be discharged from custody on the commitment under sentence to No. 173 April Term, 1939, Quarter Sessions, Allegheny County.