## Commonwealth ex rel. v. Ashe

*William H. Rahauser,* district attorney, and *Leonard H. Levenson,* assistant district attorney, for respondent.

ROWAND, P. J., November 23, 1948.—This matter comes before us on petition of relator, who is an inmate of the Western State Penitentiary. The petition was

received through the mail and the same day it was ordered filed and a rule was granted on the warden of the Western State Penitentiary and the district attorney of Allegheny County to show cause why the writ should not issue. Both parties have made answer.

The principal contention of relator in this case concerns the validity of the alleged indictment at no. 640, April sessions, 1939, in which he was charged with larceny of an automobile. We are in accord with the position of relator that the Act of April 15, 1907, P. L. 62, has not been complied with to make this alleged indictment legal.

Upon examination of this paper, we find it to be a printed form of the district attorney's office, with the name, dates and description of the article inserted. It is not signed by the district attorney. The only thing to identify it as a court record is the name of the sentencing judge in the upper left hand corner of the paper and the name of the assistant district attorney representing the Commonwealth in the upper right hand corner. There is a form of sentence stamped on the back of this paper, but it is not authenticated by the clerk who entered the sentence nor signed by the sentencing judge. Stamped on the bottom is the following: "April 27, 1939, Received Disposition Commitment," signed "P. J. Weicht, Deputy Sheriff." There is another stamp on the face of the paper, the only really legible part of which is the date (April 27, 1939). This stamp has several blank spaces, and to one not familiar with its contents, it is illegible. A copy of this stamp follows:

"And now, . . . . . . . . . . . . . 193 . . ., defendant . . . . . . having been charged with the offense herein set forth and having notified the District Attorney of . . . . . . . . willingness to enter a plea of guilty and this indictment having been thereupon prepared defendant after reading same do . . . . . . plead guilty thereto, which plea is entered at . . . . . . . . request."

It is to be noted that the blank spaces have not been filled in.

This case is almost identical with the case of Commonwealth ex rel. Mayernick v. Ashe, 139 Pa. Superior Ct. 421. It will be noted in the Mayernick case that the district attorney did not sign the bill of indictment, nor is it authenticated by him in any way. The act requires defendant's plea of guilty on the indictment. This is done by makeshift in stamping the face of the indictment as above referred to. We are quoting from the syllabus in the Mayernick case:

"Where a printed form of indictment was used which made provision for five counts, of which two of them, charging larceny of an automobile and accessory before the fact of such larceny, were filled in, and the other three were left entirely blank; and the bill was not signed or authenticated by the district attorney, and a blank form of plea was stamped on the bill but not filled in and not signed by defendant; it was held that the provisions of the Act of 1907 were not substantially complied with and the sentence of the court imposed on the bill was void for want of jurisdiction under the Act."

We believe there is no need to go further into the law in this case, and we reach the conclusion that relator should be discharged from custody on the commitment under sentence at no. 640, April sessions, 1939. However, as the petition sets forth, confirmed by the answer of the warden, this relator is now detained on commitment at no. 18, November sessions, 1947. This sentence was pronounced on December 9, 1947, for a period of not less than one nor more than three years, sentence to begin at expiration of any sentence defendant is to serve for parole violation, defendant to be credited with back time as of October 15, 1947. The sentence is signed: "By the Court, Carson, J.".

Relator is to be detained under sentence imposed at no. 18, November sessions, 1947.