Commonwealth ex rel. Milewski, Appellant,
*v.* Ashe, Warden.

Argued April 13, 1949. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Michael von Moschzisker,* with him *Edward Milewski,* in propria persona, for appellant.

*Thomas L. Kalman,* Assistant District Attorney, with him *Fred L. Brothers,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, May 23, 1949:

The relator, Edward Milewski, appeals from an order of the Superior Court entered September 29, 1948, dismissing his petition for a writ of habeas corpus. After entering a plea of not guilty, he was brought to trial on September 12, 1946, in the Court of Oyer and Terminer of Fayette County on an indictment containing several counts, to wit: assault and battery; assault and battery with intent to rob; robbery with accomplice; and robbery with violence. The jury retired on the afternoon of September 13, 1946, and on the same day found the defendant guilty of assault and battery with intent to rob and acquitted him of the other charges. It is alleged that immediately after the trial and before the jury returned its verdict the prisoner was removed from the courtroom to the county jail, where he was continuously detained until October 1, 1946, on which date he was sentenced to a term of from four to eight years in the Western Penitentiary. The records of the court are silent as to the whereabouts of the prisoner at the time the jury returned its verdict. He alleges that he never learned of this verdict until the day of his sentence.

Petitioner had been convicted on May 17, 1940, in Erie County for robbery and then sentenced to the Western Penitentiary for a term of from four to eight years.

In May, 1945, he was released on parole, but again returned to the Western Penitentiary for parole violation on October 2, 1946, pursuant to Fayette County conviction and sentence. On the expiration of his "back time" on June 12, 1949, he must commence serving the Fayette County sentence.

The relator contends that his conviction and present commitment is void because (1) he was deprived of his constitutional right to be present in court at the rendition of the jury's verdict; (2) that he was deprived of his right to file a motion for a new trial by reason of the fact that he had no knowledge of the jury's verdict until after the time to file such a motion had elapsed; (3) that his absence from the court room deprived him of his right to have the jury polled; and (4) that the trial court lost its power to impose sentence on October 1, 1946, since no order was made by the court deferring or suspending sentence in the September term of court.

A writ of habeas corpus is a writ of right and may not be refused where the relator shows a prima facie case entitling him to be discharged or bailed. See *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 47, 24 A. 2d 1; and *Passmore Williamson's Case*, 26 Pa. 9 (1855), 67 Am. Dec. 374, Ann. Case 1917 E, 332. The writ can issue only where the application contains allegations which, *if true*, shows his illegal detention. In *Com. ex rel. Lieberum v. Lewis*, 253 Pa. 175, 98 A. 31, this Court said: ". . . . one who asks for a release from custody under a writ of habeas corpus must present a prima facie case entitling him to such relief, and he fails to do this where his own application, together with the commitment, shows a legal detention. . . ."

In *Commonwealth ex rel. Di Giacomo v. Heston*, 292 Pa. 63, 66, 140 A. 533, we said: "The attack on the legality of the commitment may be made by writ of habeas corpus, as here, instead of by appeal. The former procedure is not to be made a substitute for the latter

(Com. v. Reifsteck, 271 Pa. 441), but the appellate court may exercise original jurisdiction and grant relief where lack of power to make the order, or sentence complained of, appears (Halderman's Petition, 276 Pa. 1; Com. v. Curry, 285 Pa. 289; Com. v. Francies, 250 Pa. 350), but not otherwise: Williamson's Case, 26 Pa. 9. And, in passing upon the application, the record alone will be considered: Com. v. Superintendent, 220 Pa. 401."

In *Com. ex rel. Stanton v. Francies,* 250 Pa. 350, 95 A. 798, the relator had been improperly confined to the Western Penitentiary when he should have been confined only to the county prison. This Court there held: "From the illegal imprisonment to which the relator has been subjected he must be relieved, and on this writ of habeas corpus it will be proper to give him relief."

An application for a writ of habeas corpus is appropriate where the relator is confined under a void or illegal sentence: *Commonwealth v. Morgan,* 278 Pa. 395, 396, 123 A. 337. This Court in *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 444, 115 A. 130, held that a writ of habeas corpus must be refused where the petition only alleged mere irregularities which could only have been corrected by appeal. However, the Court therein commented: "If the course of the proceedings had deprived the relator of any right or privilege, another question would arise; but this is not even alleged."

A prisoner on trial for a felony has an inherent and inalienable right to be present at the rendition of the verdict against him: GIBSON, C. J., in *Prine v. Commonwealth,* 18 Pa. 103. In *Dunn v. Commonwealth,* 6 Pa. 384, a conviction for a capital offense was reversed where the prisoner was not present in court at the rendition of the verdict. This Court there said: "We may safely presume, as individuals, that, in tranquil times, and in an enlightened city, the conduct of the trial was all right; but, as a court, we can look only to the record, for this record and judgment will be recorded as a precedent for

other times; and, if we let in presumptions to supply omissions and defects in records, it will by and by be deemed scarcely necessary to show by the record any of the important safeguards of the trial by jury . . . The judgment of this Court is, that it does not sufficiently appear by the record that the prisoner was present at the trial, particularly at the rendition of the verdict, nor when sentence of death was passed. Every record of this kind ought to show clearly that the prisoner was tried and sentenced, and is to suffer according to the substantial forms of the law. We cannot say that of this record, and the judgment and sentence is therefore reversed, and the prisoner is discharged."

The relator should have an opportunity to prove the material allegations of his petition.

The Order of the Superior Court is reversed, and the record is remitted to that Court with directions to remit the record to the Court of Oyer and Terminer of Fayette County with directions to *that* court to afford the relator an opportunity to support by competent testimony those allegations of his petition which if true would entitle him to the writ prayed for. The complete record shall then be returned to the Superior Court for appropriate action on the petition for the writ.