## Commonwealth ex rel. Shultz, Appellant, *v.* Myers.

432

Submitted November 12, 1956. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Carr, JJ.

*Albert W. Shultz,* appellant, in propria persona.

*John E. Erb,* Assistant District Attorney, with him *George W. Atkins,* District Attorney, for appellee.

Opinion by Ervin, J., December 28, 1956:

This is an appeal by Albert W. Shultz from an order of the Court of Common Pleas of York County discharging the rule to show cause and dismissing the petition for a writ of habeas corpus filed by the relator and Charles J. Murphy who are confined in the State

Penitentiary at Graterford. Relator was sentenced by the Court of Quarter Sessions of York County to undergo imprisonment for a period of not less than one and one-half nor more than three years after his conviction by a jury on the charge of possession of burglary tools. No motion for new trial was filed nor appeal taken from the judgment and sentence of the trial court.

Relator contends the court below erred in denying him the opportunity to appear, testify and produce witnesses at the hearing held on the rule to show cause why the writ of habeas corpus should not be allowed. This contention is without merit. Relator was not ordered to be present at the hearing but oral argument was presented in his behalf by court appointed counsel. No factual issues requiring determination by the court were raised by relator's petition, thus the presentation of testimony was unnecessary. *Com. ex rel. Gaurich v. Keenan,* 181 Pa. Superior Ct. 619, 124 A. 2d 144; *Com. ex rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921. Where there are no factual issues for determination by the court below no hearing is necessary, and it is proper for the court below to dispose of the matter, as it did in the instant proceeding, on the petition and answer and the original trial record, after oral argument. *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 98 A. 2d 208.

Relator's contention that the bill of indictment was invalid is equally without merit. We find no defects in the indictment. Moreover, it is well settled that by pleading to the indictment and going to trial all defects, if any, in the form of the indictment were waived. *Com. ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163. In any event any question concerning the validity of the indictment, even when meritorious, cannot be raised for the first time in a habeas corpus

proceeding. *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843.

Relator also complains that his conviction was based on evidence obtained as the result of an illegal search of his automobile and his illegal seizure by police officers. This contention, which we find wholly unjustified, in any event is not reviewable on an application for a writ of habeas corpus. *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 100 A. 2d 122.

Relator is also in error in seeking relief from an allegedly invalid sentence in a habeas corpus proceeding. *Com. ex rel. Gryger v. Burke,* 173 Pa. Superior Ct. 458, 98 A. 2d 380. We find the sentence imposed was just and proper and well within the limit prescribed by §904 of the Penal Code of 1939[1] covering the offense for which relator was convicted.

Relator also contends the failure of the court below to have notes of testimony taken at his trial constitutes a denial of due process. The record of the trial reveals no request was made by either relator or his counsel that the notes of testimony be taken by a court reporter. In the absence of such a request the failure to have notes taken at the trial does not constitute a denial of due process or of any constitutional right. *Com. ex rel. McCurdy v. Burke,* 175 Pa. Superior Ct. 482, 106 A. 2d 684.

Relator's final contention reads as follows: "Were the trial proceedings and instructions to the jury had and held within the meaning and scope of the 'due process clause' as contained in our American bill of rights?" This broad assertion is unsupported by any specific allegations describing with particularity any

---

[1] Act of June 24, 1939, P. L. 872, §904.

procedural irregularities. Nor are we enlightened as to the alleged errors in the charge of the trial judge. It is well settled that a relator who avers that he has been denied due process has the burden of affirmatively establishing circumstances constituting such a denial. *Com. ex rel. Gryger v. Burke,* supra. The mere assertion of such denial is insufficient. *Com. ex rel. Hallman v. Tees,* 175 Pa. Superior Ct. 448, 106 A. 2d 899.

The order of the court below is affirmed.