## Commonwealth ex rel. Wilson, Appellant, *v.* Banmiller.

Argued April 29, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*John Wilson,* appellant, in propria persona.

*Charles L. Durham* and *Juanita Kidd Stout,* Assistant District Attorneys, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Wilson appeals from an order of the Court of Common Pleas No. 1 of Philadelphia County dismissing his petition for a writ of habeas corpus. His petition alleged trial errors, insufficiency of evidence, inefficiency of court appointed counsel, and denial of due process.

Wilson was indicted on December 2, 1953, charged with murder and voluntary and involuntary manslaughter. He was tried only on the bill charging him with manslaughter. He waived in writing a jury trial and elected to be tried by the Court. The Court, after hearing all the testimony, found him guilty of voluntary manslaughter and sentenced him to a term of not less than two nor more than four years in the Eastern State

Penitentiary. Wilson did not request a new trial or take an appeal from the judgment of the Court.

Wilson, in this petition, contends, as he did at the trial, that he acted in self-defense. It is obvious that this was a jury question, and the evidence was amply sufficient to prove beyond a reasonable doubt that defendant was guilty of voluntary manslaughter.

A writ of habeas corpus is not a substitute for an appeal or a writ of error or for a motion for a new trial; nor is it available for the correction of trial errors: *Commonwealth ex rel. Kennedy v. Mingle*, 388 Pa. 54, 130 A. 2d 161; *Commonwealth ex rel. Matthews v. Day*, 381 Pa. 617, 114 A. 2d 122; *Commonwealth ex rel. Marelia v. Burke*, 366 Pa. 124, 126, 75 A. 2d 593; see also *Commonwealth ex rel. Milewski v. Ashe*, 362 Pa. 48, 66 A. 2d 281.

In *Commonwealth ex rel. Marelia v. Burke*, 366 Pa., supra, the Court said (pages 126-127) : "The extraordinary remedy of habeas corpus which can be successfully invoked only in exceptional cases, is not a substitute for a motion for new trial or for an appeal or for a writ of error: [citing numerous cases] . . . . It is well settled that a relator cannot obtain relief by habeas corpus for errors alleged to have occurred in the course of his trial: [citing numerous cases]. . . . the question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus: [citing numerous cases]."

However, the aforesaid principles which had been considered well settled are now subject to this qualification: Habeas corpus will be granted if the defendant was for any reason deprived of due process: *Brown v. Allen*, 344 U. S. 443*; *Commonwealth ex rel. Sleighter*

——————

* Justice Jackson, in a concurring opinion, said: "It cannot be denied that the trend of our decisions is to abandon rules of plead-

*v. Banmiller,* 392 Pa. 133, 139 A. 2d 918.

Wilson contends the writ should be granted because of the inefficiency of his counsel. The fact that a criminal, after conviction, is of the opinion that the trial was not properly or wisely conducted by his counsel, constitutes no ground for the issuance of a writ of habeas corpus unless counsel's conduct was so prejudicial as to deprive defendant of a fair trial or otherwise deprive him of due process. Cf. *Brown v. Allen,* 344 U. S. supra; *Commonwealth ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 103 A. 2d 293; *Commonwealth ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 116 A. 2d 301. The Court appointed two counsel to represent Wilson and no evidence is referred to or reasons given to substantiate his contention that he was deprived of due process.

Wilson further contends he was denied due process because (a) he was tried without a jury and (b) was sentenced without giving him an opportunity to speak. There is no merit in either of these contentions.

The Act of June 11, 1935, P. L. 319 §1, as amended 1945, March 24, P. L. 57, 19 PS §786, provides: "In all criminal cases, except murder and treason, the defendant shall have the privilege, with the consent of his attorney of record, the judge and the district attorney,

ing or procedure which would protect the writ against abuse. Once upon a time the writ could not be substituted for appeal or other reviewing process but challenged only the legal competence or jurisdiction of the committing court. We have so departed from this principle that the profession now believes that the issues we actually consider on a federal prisoner's habeas corpus are substantially the same as would be considered on appeal. . . . It really has become necessary to plead nothing more than that the prisoner is in jail, wants to get out, and thinks it is illegal to hold him. If he fails, he may make the same plea over and over again." See also: Recommendations of Conference of Chief Justices 1952, 25 State Government #11, page 249.

to waive trial by jury. Such waiver must be in writing, signed by the defendant, and shall operate as an election by the defendant to be tried by a judge without a jury." The constitutionality of the Act of 1935 as amended was sustained in *Commonwealth v. Kramer*, 146 Pa. Superior Ct. 91, 22 A. 2d 46.

Manslaughter is a non-capital offense and cannot be punished by death. Under the Act of 1935 as amended, supra, a defendant can waive a trial by jury and elect to be tried by a judge without a jury. However, when a defendant waives a jury trial in a criminal case he must always sign a written waiver and comply with the additional requirements of the Act of 1935, before a Court is empowered to try the case without a jury.

The record shows that Wilson executed a written waiver with the consent of the Court, the District Attorney, and his attorneys of record, in accordance with the specific provisions of the above mentioned Act of 1935, and that in and by that waiver he specifically elected to be tried by a Judge without a jury.

Failure of the Court to ask a defendant who has just been convicted of crime the customary question— "if he has anything to say in his behalf", or as more frequently and anciently expressed—"if he has anything to say why sentence or judgment should not be pronounced against him"—was reversible error at common law. It is still a wise practice for the trial Judge to ask defendant such a question, but even in capital cases failure to ask defendant such a question constitutes reversible error *only when it is shown that defendant has been thereby prejudiced*: *Commonwealth ex rel. Tate v. Banmiller*, 393 Pa. 496, 143 A. 2d 562; *Commonwealth v. Senauskas*, 327 Pa. 541, 549, 550, 194 A. 646; *Commonwealth ex rel. Ashmon v. Banmiller*, 391 Pa. 141, 137 A. 2d 236.

The record shows that defendant's counsel presented reasons and arguments to the Court in order to persuade the Court to impose a light sentence, and that at the conclusion of counsel's argument defendant was asked by his counsel: "Do you have something you wish to say to the Judge, Mr. Wilson? The defendant: No, sir." The Court then imposed sentence. It is clear that defendant's rights were adequately protected.

Wilson had a fair trial and was not deprived of due process or any other Constitutional right.

Order affirmed.