Commonwealth ex rel. Johnson, Appellant,
*v.* Myers.

Submitted April 28, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Charles Ellsworth Johnson,* appellant, in propria persona.

*John A. F. Hall,* Assistant District Attorney, and *Martin H. Lock,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BOK, January 16, 1961:

Relator, forty-seven years old, filed his petition for a writ of habeas corpus. The court below denied it and he has appealed.

He was tried on March 17, 1958, before a jury in Dauphin County on a charge of murder. Having been found guilty of that in the second degree, he was given a sentence of from ten to twenty years. The victim was his paramour, and he did her to death with his fists.

His reasons to support his petition for a writ are:

1. He was denied due process and equal protection of the laws because (a) He had no counsel at the preliminary hearing where he alleges his statements were taken, and (b) The indictment was not complete for it failed to state the scene of the crime and the specific time.

2. He had no jury trial within the spirit and meaning of Constitutional guarantees because of an alleged error in the Court's charge.

3. He was forced to testify against himself by the Commonwealth's reading into evidence his statements.

4. The evidence was insufficient to support the jury's verdict.

It will be seen at a glance that all of these reasons relate to trial errors and hence are matters that should have been raised then or on appeal, but they were not raised at either time. It requires only sample authority to show that habeas corpus cannot be used as a substitute for an appeal: *Commonwealth ex rel. Kennedy v. Myers,* 393 Pa. 535 (1958), 143 A. 2d 660.

The only allegation of error that bears comment arises out of two paragraphs of the charge of the trial judge. The appellant mentions only the second, but the court below quotes both in its opinion. They follow: "It may be stated as a general rule that all homicide—now, homicide is the taking of human life by an-

other person—that all homicide is presumed to be malicious, that is, murder of some degree, until the contrary appears in evidence.

"While it is presumed to be murder, that presumption rises no higher than murder in the second degree. The burden is upon the Commonwealth to raise it to murder in the first degree; the burden is upon the defendant to lower it to voluntary manslaughter."

It is true that in *Commonwealth v. Drum*, 58 Pa. 9 (1868), Mr. Justice AGNEW, sitting as trial judge, charged the jury that "all homicide is presumed to be malicious . . . until the contrary appears in evidence." This doctrine has been modified, so that the presumption is now said to apply not to all homicide but only to "felonious homicide": *Commonwealth v. Elliott*, 292 Pa. 16 (1928) 140 A. 537; *Commonwealth v. Kluska*, 333 Pa. 65 (1939), 3 A. 2d 398; *Commonwealth v. Holt*, 350 Pa. 375 (1944), 39 A. 2d 372.

The instruction was therefore erroneous.

We also take this occasion to disapprove the use hereafter of any instruction to the jury on an indictment for murder that all felonious homicide is *presumed* to be murder in the second degree.

In *Commonwealth v. Samuel Jones*, 355 Pa. 522 (1947), 50 A. 2d 317, we said, by Mr. Justice JONES, that killings by poison or by lying in wait or those committed in the perpetration or in the attempted perpetration of one of the felonies enumerated in the Act of June 24, 1939, P. L. 872, 18 PS §4701, are felonious. Such felonious killings are inherently malicious and without more qualify, if the supporting facts are believed beyond a reasonable doubt, as murder as a matter of law.

It would be anomalous to assert that in showing a felonious killing by presenting facts of poisoning, of lying in wait or of felony murder, the law presumes such facts to constitute murder in the second degree

when the statute expressly makes them murder in the first degree. It is unlikely that any trial judge would charge to such effect but would say straight away that these special varieties of killing were murder of the first degree. Putting these categories aside, therefore, there remain wilful, deliberate, and premeditated killings, which can be established as murder in the first degree, as we said in *Commonwealth v. Jones,* supra, by facts showing a specific intent to kill, and other killings committed with malice but without a specific intent to kill, which according to their circumstances would fit the definition of murder in the second degree; these various conclusions are reached by facts and inferences, not by any presumption.

Charges to the jury about the presumption of second degree are often followed by the statement that the burden is on the defendant to lower the offense to manslaughter. The trial judge in the instant case first correctly said "until the contrary appears in evidence", but later referred to the defendant's burden. We disapprove the use hereafter of an instruction that refers to the defendant's "burden". A defendant has no burden whatever, and the word "presumption" may impress the jury as establishing the crime at the high level of second degree murder and requiring the defendant to present extenuating evidence; failing which the jury would be required to convict him. No jury can be required to convict anybody of anything.

We think that the proper use of a presumption to set a homicide at murder disappeared when we changed the wording of *Drum* to that of *Elliott, Kluska,* and *Holt* and required a felonious killing. Since there was only one degree of murder at common law, a presumption of malice was originally needed to separate an unlawful killing from one that was excusable or justified. But after our amendment to the wording of *Drum,* the word "felonious" at once required facts to make it op-

erate at any level and made any presumption on the subject irrelevant and misleading.

In *Commonwealth v. Wucherer*, 351 Pa. 305 (1945), 41 A. 2d 574, we held the presumption to be one of fact, not of law, or a "prima facie inference", or "nothing more than an administrative assumption for procedural purposes which is always open to explanation and rebuttal", or "a presumption or inference". In *Commonwealth v. Carluccetti*, 369 Pa. 190 (1952), 85 A. 2d 391, we said that "malice was directly inferable from the conduct of the perpetrator." Any of these expressions is preferable to saying that malice is presumed, because of the danger that the word "presumption" will appeal to the jury as establishing guilt at a definite level instead of establishing a fact which, like any other fact, cannot be considered established until it has passed the test of belief beyond a reasonable doubt. What we have hitherto called a presumption is necessarily only an inference of fact and should not be more heavily weighted.

Although we have indicated that part of the charge above quoted was erroneous, it cannot be taken advantage of in the current type of proceeding.

We have also examined the record with an eye on the other allegations of the petition, and find no merit in them. Although relator complains that he had no counsel when two confessions were taken from him, the statements show that he was advised of his right to counsel but refused one, and this was not denied. Furthermore, he was represented by competent counsel at his trial and none of the matters now presented were complained of then. Where no other overreaching appears, lack of counsel preliminarly is not lack of due process: *Commonwealth v. Agoston*, 364 Pa. 464 (1950), 72 A. 2d 575.

The statements made by relator show a brutal beating of the victim, followed by callous neglect before she

died. Malice may appear where the assault was by fist, as here, and this is a question for the jury to resolve: *Commonwealth v. Dorazio*, 365 Pa. 291 (1950), 74 A. 2d 125.

The evidence fully sustains the verdict and sentence. The order is affirmed.

Mr. Justice BENJAMIN R. JONES concurs in the result.

———

CONCURRING OPINION BY MR. JUSTICE BELL:

I concur in the result but disagree with much of the dicta and the law asserted in the majority opinion, and believe some points raised by relator are so important as to require a more specific refutation.

Johnson, the relator, appeals from an Order of the lower Court dismissing his petition for a habeas corpus. Relator was tried and convicted by a jury in Dauphin County on March 21, 1958, of murder in the second degree and was sentenced to a term of not less than ten nor more than twenty years.

Evelyn Costea was killed by defendant on July 15, 1957. The murder was a brutal one. Relator-defendant in his confessions, only part of which he attempted to repudiate at the trial, admitted that he had struck the deceased with his fists many times and that when she tried to run from him he knocked her onto the floor and continued to hit her while she lay there. She died shortly thereafter from a hemorrhage of the brain or acute subdural hematoma.

Relator contends that the writ of habeas corpus should be granted because he was denied due process and equal protection of the law for the following reasons:

(a) He had no counsel at a preliminary hearing where he alleges his confessions were taken. However, relator was represented from August 23, 1957, as well

as throughout his trial by counsel of his own choice. Due process does not require a State to provide a defendant with counsel while he is being interrogated by police officers or at a preliminary hearing, and a conviction based upon a confession made while in custody will be sustained unless methods were employed which amounted to a denial of a fair trial or of any of his Constitutional rights: *Commonwealth v. Agoston,* 364 Pa. 464, 481, 72 A. 2d 575; *Lyons v. Oklahoma,* 322 U. S. 596; *Stein v. New York,* 346 U. S. 156, 187, 188; *Stroble v. California,* 343 U. S. 181, 197; *Lisenba v. California,* 314 U. S. 219; *Brown v. Allen,* 344 U. S. 443, 476.

Relator admits in his petition that before he made any statements or confessions he was advised that he did not need to make any statement and that he had a right to counsel. Nevertheless, he freely made the confessions and asked for no attorney. We find no merit in relator's contention.

(b) Relator next contends that the indictment was defective because it failed to state with particularity the scene of the crime and the specific time. The indictment clearly set forth that the crime was committed in Dauphin County on or about July 15, 1957, and this is sufficiently definite. Moreover, so far as formal defects are concerned, it is too late after entry of plea or trial to question in a habeas corpus proceeding the validity of an indictment: *Commonwealth ex rel. Jenkins v. Ashe,* 341 Pa. 334, 19 A. 2d 472; *Commonwealth ex rel. Haines v. Banmiller,* 398 Pa. 7, 157 A. 2d 167; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Commonwealth ex rel. Shultz v. Myers,* 182 Pa. Superior Ct. 431, 128 A. 2d 103; Act of March 31, 1860, P. L. 427, §11, 19 PS §431.*

---

* We need not decide whether there are any exceptions to this rule, because if any exist they would be inapplicable here. Cf.

(c) Relator contends he was denied due process because of an error in the court's charge on murder. A jury can find an accused guilty of murder in the second degree if death was caused by a beating from fists: *Commonwealth v. Dorazio,* 365 Pa. 291, 74 A. 2d 125. Furthermore, on the question of reversible error, a Court's charge to the jury must be considered, not on the basis of isolated excerpts but *as a whole and in the light of the evidence in the case,* and so considered, it is clear that this charge was free from any prejudicial reversible error: *Commonwealth v. Clanton,* 395 Pa. 521, 151 A. 2d 88; *Commonwealth v. Richardson,* 392 Pa. 528, 140 A. 2d 828; *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820; *Commonwealth v. Donough,* 377 Pa. 46, 103 A. 2d 694; *Commonwealth v. Patskin,* 372 Pa. 402, 93 A. 2d 704.

(d) Relator further contends that the evidence was insufficient to support the jury's verdict. This contention is completely devoid of merit. In addition to relator-defendant's confessions and his admissions at trial, there was ample additional evidence from which the jury could have found him guilty of this murder. Moreover, "A writ of habeas corpus is not a substitute for an appeal or a writ of error or for a motion for a new trial; nor is it available for the correction of trial errors: Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54, 130 A. 2d 161; Commonwealth ex rel. Matthews v. Day, 381 Pa. 617, 114 A. 2d 122; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, 126, 75 A. 2d 593; . . . [and] 'the question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus: [citing numerous cases]:'" *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa.

---

*Commonwealth ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452; *Commonwealth ex rel. Ritchey v. McHugh,* 189 Pa. Superior Ct. 515, 151 A. 2d 659.

530, 532, 143 A. 2d 657. See also: *Commonwealth ex rel. Ashmon v. Banmiller,* 391 Pa. 141, 137 A. 2d 236; *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281, and cases cited therein.

"However, the aforesaid principles which had been considered well settled are now subject to this qualification: Habeas corpus will be granted if the defendant was for any reason deprived of due process [or of any other constitutional right]: Brown v. Allen, 344 U. S. 443;* Lisenba v. California, 314 U. S. 219; Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 139 A. 2d 918": *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 143 A. 2d 657 (pages 532-533). Accord *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281, and cases cited therein.

Due process includes the fundamentals of a fair trial. In *Lisenba v. California,* supra, the Court said (page 236): "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." The Court then gave sev-

---

* "Justice JACKSON, in a concurring opinion, said: 'It cannot be denied that the trend of our decisions is to abandon rules of pleading or procedure which would protect the writ against abuse. Once upon a time the writ could not be substituted for appeal or other reviewing process but challenged only the legal competence or jurisdiction of the committing court. We have so departed from this principle that the profession now believes that the issues we actually consider on a federal prisoner's habeas corpus are substantially the same as would be considered on appeal. . . . It really has become necessary to plead nothing more than that the prisoner is in jail, wants to get out, and thinks it is illegal to hold him. If he fails, he may make the same plea over and over again.' See also: Recommendations of Conference of Chief Justices, 1952, 25 State Government #11, page 249."

eral examples of what would amount to a denial of due process.

If the majority opinion contains a correct statement of the law, then in my judgment the charge of the trial Judge constituted fundamental reversible error and was so relevantly important on the question of innocence or guilt of the defendant as to amount to a denial of due process and consequently a writ of habeas corpus should be granted.

I likewise disagree with the totally unnecessary dicta in the majority opinion holding that malice can never be *presumed* even though the acts were felonious or undoubtedly and obviously dangerous to life, as for example, wilfully, deliberately and intentionally shooting at A in a barroom and killing B. The authorities which hold that malice, i.e., legal malice, has been *presumed* from such facts or circumstances are legion and run from hoary antiquity through Coke and Blackstone to *Commonwealth v. Wucherer*, 351 Pa. 305, 41 A. 2d 574; *Commonwealth v. Malone*, 354 Pa. 180, 47 A. 2d 445; *Commonwealth v. Gibbs*, 366 Pa. 182, 76 A. 2d 608; *Commonwealth v. Bolish*, 381 Pa. 500, 510-511, 113 A. 2d 464. 4 Blackstone, Commentaries 192-193; 40 C.J.S., §13, p. 857, §20, p. 866, §21, p. 868; Wharton, Homicide §2, p. 2, §92, p. 112 (3rd ed. 1907); Maurer, Pennsylvania Criminal Law: Murder §3582, p. 915 et seq., §3689, p. 953 et seq.; I Warren, Homicide §74 (Perm. ed. 1938); Clark & Marshall, Crimes §10.06, p. 572 ff. (6th ed. 1958).

Legal malice is a presumption or an inference of fact—the words are sometimes used interchangeably—which arises from a set or chain of circumstances since, we repeat, the time of Coke and Blackstone. Furthermore, when the Commonwealth has made out a prima facie case of willful, deliberate and premeditated killing the burden is upon defendant to reduce such a killing to murder in the second degree or volun-

tary manslaughter: *Commonwealth v. Romanic,* 311 Pa. 415, 421, 166 A. 902; *Commonwealth v. Mika,* 171 Pa. 273, 33 A. 65; *Commonwealth v. Reed,* 234 Pa. 573, 83 A. 601; *Commonwealth v. Drum,* 58 Pa. 9; *Commonwealth v. Carroll,* 326 Pa. 135, 191 A. 610.

I agree with the majority's conclusion that the relator's contentions are devoid of merit and he was not deprived of due process or of any other Constitutional right.