Commonwealth ex rel. Kennedy, Appellant, *v.* Mingle.

Argued January 15, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*William Kennedy*, appellant, in propria persona.

*George C. Eppinger*, District Attorney, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 18, 1957:

This is an appeal from the order of the Court of Common Pleas of Franklin County dismissing a petition for a writ of habeas corpus.

The relator, charged with the killing of his wife, was convicted on April 30, 1954 of murder in the first degree and the jury fixed the penalty at life imprison-

ment. He was duly sentenced on May 6, 1954. Somewhat over two years later, in July of 1956, while incarcerated in the Eastern State Penitentiary at Philadelphia, he mailed a petition for a writ of habeas corpus to the court below which was received on July 25, 1956. The President Judge, on July 30th, made an order directing the issuance of a rule to show cause upon the Warden of the Penitentiary, with notice to the District Attorney and Attorney General, and at the same time appointed counsel to represent the relator. Hearing was fixed for August 7th, the return day of the rule. At this hearing counsel for the relator and the District Attorney were present and argument was heard on the law as to the sufficiency of the allegations in relator's petition. No evidence was taken.

The pertinent allegations for the writ are the following: "4. That said sentence is illegal, in that it was procured under coercion, threat, and duress, while relator was under the influence of narcodicts (sic), and unable to comprehend what was taking place at the time of his trial. 5. That the Foreman on the Jury, one, Mrs. Pauline Shatzer, in the case of Commonwealth versus William Kennedy, was a relative of the deceased, and should not have been permitted to serve on the said Jury, the common law states that this is not permissable (sic) in a capitol (sic) case. 6. That the said Juror was closely related to the deceased. That the said juror was prejudiced and could not give a fair and impartial verdict.".

These allegations, as stated by the court below in its opinion dismissing the petition without prejudice, fail to aver the nature of the narcotic, when or by whom administered, whether relator was under the influence of the narcotic at the time of sentence or during his trial; nor, with regard to his allegation of procurement of his sentence by means of coercion, threat and duress,

is there any particular allegation of when such coercion was applied, where, by whom, and what exactly was the nature and character of the duress assertedly employed; nor is there any averment setting forth a justification for petitioner's failure to bring these alleged infirmities in his trial to the attention of the court during the period for filing a motion for a new trial or in any other timely way.

As to the alleged relationship of the juror, it was not stated what the relationship was nor that it was not known to the relator at the time of the selection of the jury when the opportunity to challenge existed and was exercised by his counsel as to this particular juror. Holding that the allegations were too vague to permit the District Attorney to prepare a responsive answer, the court entered the following order: "Now, this 28th day of August, 1956, the prayer of the petition for writ of Habeas Corpus is denied and the petition is dismissed without prejudice to the right of petitioner if grounds exist, to file a new petition.".

While strict rules of pleading do not apply to petitions for writs of habeas corpus, some legal definiteness and certainty is required and clearly relator's petition was deficient in this regard. Moreover, at the time that this order was handed down petitioner was represented by counsel and a reapplication for the writ could have been made immediately with more definite averments, as suggested in the court's opinion, if any facts in support existed. Instead relator took an appeal to this Court in propria persona.

Furthermore, the record of relator's trial which may be relevantly considered in the habeas corpus proceeding (*Commonwealth ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383; *Palmer v. Ashe, Warden,* 342 U. S. 134) fully refutes the allegation in relator's petition that his sentence was procured under

coercion, threat and duress, and that he was unable to comprehend what was taking place during his trial. We have examined the record and there is not a scintilla of evidence that he was at any time before, during or after his trial subjected to coercion, threat or duress, nor did he or his counsel at any time so contend prior to his personal application for the writ, made two years after sentence. And his own testimony, which we have carefully read, devastatingly negates any lack of comprehension of "what was taking place at the time of his trial". His answers to questions—his testimony covered 49 closely typed pages—were at all times responsive and showed alertness and intelligent thinking. Nothing indicated abnormalcy or that he was under the influence of any narcotic.

As to the allegation that the foreman of the jury was a relative of the decedent without stating the relationship, it will not be presumed that the juror was prejudiced or not qualified to serve, especially in view of the record where on examination on voir dire by both the relator's counsel and the District Attorney she testified that she had not formed or expressed any opinion as to the guilt or innocence of the defendant and that she did not know the defendant nor the decedent. Relator's counsel had the opportunity of inquiring as to whether she was related to the decedent. He and his client were apparently satisfied with the juror and accepted her. The Act of May 17, 1939, P. L. 157, §9, 17 PS §1340, provides, inter alia: ". . . After jurors are sworn without objection all objections to their qualifications as prescribed by this act . . . shall be deemed to have been waived. No indictment can be attacked or verdict challenged by reason of any juror's disqualification under this act, . . . unless due objection is made before said alleged disqualified, or illegally selected jurors are sworn.": See *Commonwealth v. Sydlosky,*

305 Pa. 406, 158 A. 154; *Commonwealth v. Peronace*, 328 Pa. 86, 195 A. 57, where the juror in question was related to a county detective who was the active prosecutor in the case and the conviction was upheld. Moreover, the petition does not aver that the alleged relationship was unknown at the time this juror was accepted. As stated in *Commonwealth ex rel. Spencer v. Ashe, Warden*, 364 Pa. 442, 71 A. 2d 799, " '. . . a writ of habeas corpus cannot be made a substitute for a writ of error, and where a party is in custody by virtue of a final decree or judgment, or process thereon, of a court of competent jurisdiction, no inquiry into the process . . . is to be had, and no relief administered on habeas corpus . . .' ".

In his appeal to this Court relator claims that he had a constitutional right to be present in court at the hearing on the return day of the writ, although he was represented at the hearing by counsel and legal argument only was had as to the sufficiency of the allegations of his petition and no evidence was adduced. There is no merit in this contention. The Habeas Corpus Act of May 25, 1951, P. L. 415, §5, 12 PS §1905, provides: "In ordering the writ to issue, or in awarding a rule to show cause, the judge shall fix a date for a hearing, which shall be held as promptly as may be, and may or may not order the relator to be produced at the hearing, as the circumstances may warrant, . . .". Apart from this Act production of relator in court when no factual issues requiring the taking of testimony are presented is not necessary: *Commonwealth ex rel. Burge v. Ashe*, 168 Pa. Superior Ct. 271, 77 A. 2d 725; *Commonwealth ex rel. Wolcott v. Burke*, 173 Pa. Superior Ct. 473, 98 A. 2d 206; *Commonwealth ex rel. Haines v. Burke*, 173 Pa. Superior Ct. 477, 98 A. 2d 208; *Commonwealth ex rel. Luzzi v. Tees*, 176 Pa. Superior Ct. 528, 108 A. 2d 921. In the recent case of *Common-*

*wealth ex rel. Herge v. Martin*, 387 Pa. 117, 126 A. 2d 711 (cert. den. by U. S. Supreme Court), affirmed on the opinion of the court below: (See 6 D. & C. 2d 589), where a hearing was held on a petition for a writ of habeas corpus and the testimony of witnesses received in the absence of the petitioner, we approved the ruling of the court below that under the circumstances the petitioner possessed no right to be present.

The allegations in relator's petition constitute matters that should have been raised on a motion for new trial and by appeal if such motion were denied. It is well settled that habeas corpus may not be used as a substitute for such procedure. The record demonstrates that relator received a fair trial at which a very able and eminent judge presided. He was represented by counsel and both were present at every stage of the proceedings, from its inception to its conclusion, including the return of the jury's verdict and the imposition of sentence. Judge WINGERD's charge was most comprehensive and impartial. Following the verdict counsel for defendant moved for a new trial and in arrest of judgment, but these motions were withdrawn in a petition executed by relator which recited that after a careful review of the transcript of the proceedings by relator and his counsel they found no error or cause for complaint.[1] Nor do we.

Order affirmed.

Mr. Justice MUSMANNO concurs in the result.

---

[1] When this petition was presented, addressing the relator, the court said: "Now, do I understand that you, without any pressure or any duress of any kind, are satisfied that the prayer of this petition which allows the withdrawal of the motions which were filed for arrest of judgment and for a new trial to be granted? Do you want the petition granted? Do you want the Court to allow you to withdraw them?" Relator unequivocally responded, "Yes sir.".