## Commonwealth ex rel. Kennedy, Appellant, v. Myers.

Submitted April 30, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William L. Kennedy*, appellant, in propria persona.

*George C. Eppinger*, District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Kennedy was convicted by a jury on April 30, 1954, of murder in the first degree, with life imprisonment. Kennedy filed a petition for a writ of habeas corpus on June 7, 1956, which was dismissed by the Court of Common Pleas of Franklin County. Kennedy filed a second petition for a writ of habeas corpus on March 18, 1957, which was dismissed by the Court of Common Pleas of Franklin County. The order of the lower court dismissing the petition was affirmed in a comprehensive opinion by this Court: *Commonwealth ex rel. Kennedy v. Mingle*, 388 Pa. 54, 130 A. 2d 161. Kennedy filed a third petition for a writ of habeas corpus on May 10, 1957. That petition was dismissed by the Court of Common Pleas of Franklin County.

Kennedy filed the present petition for a writ of habeas corpus on September 12, 1957. The lower court appointed a qualified attorney to represent him. Answers were filed by Myers and by the District Attorney. The lower court, after hearing argument, dismissed the petition. From the order dismissing the petition, this appeal was taken.

Kennedy contends in his present appeal that the admission in evidence of a certain letter which falsely implied that he had a previous record in York County, was a violation of due process. The letter, dated March 6, 1954, was written to the District Attorney by Dr. Petry, Superintendent of the Harrisburg State Hospital, regarding Kennedy. It was available to defense counsel, and when it was offered in evidence by the District Attorney, defense counsel stated he had no objection to its admission. The letter stated that Kennedy was a psychopathic case and that his family had a tendency toward mental disease. However, the letter also said that Kennedy "was supposed to have been connected with a barn fire near his home" in 1950. The letter

was inadmissible, but as the District Attorney aptly says, it was probably helpful to Kennedy in inducing the jury to impose life imprisonment instead of death, especially since Kennedy contended that he was mentally ill.*

A writ of habeas corpus is not a substitute for an appeal or a writ of error or for a motion for a new trial, nor is it available for the correction of trial errors: *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 143 A. 2d 657; *Commonwealth ex rel. Kennedy v. Mingle,* 388 Pa. 54, 130 A. 2d 161; *Commonwealth ex rel. Matthews v. Day,* 381 Pa. 617, 114 A. 2d 122; *Commonwealth ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593. In any event the admission of the letter did not constitute reversible error, since it was a matter which Kennedy could validly and constitutionally waive. *Commonwealth v. Petrillo,* 340 Pa. 33, 46, 16 A. 2d 50.

Kennedy was not deprived of due process or of any Constitutional right.

Order affirmed.

---

* Every trial lawyer knows that it is often difficult for counsel for a defendant to determine whether evidence which is technically inadmissible should be objected to, especially if he believes it will aid, rather than harm, his client. Even with the aid of hindsight, no one can be certain that counsel's decision in this case was unwise.