Commonwealth ex rel. Savor, Appellant, *v.*
Johnston.

Argued April 15, 1959. Before RHODES, P. J., HIRT,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS,
JJ.

*Marjorie Hanson Matson,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 10, 1959:

This is an appeal from the refusal of the Court of Common Pleas of Allegheny County to grant a writ of habeas corpus to Peter G. Savor, a prisoner in Rockview State Penitentiary.

Savor, James Clegg, and Joseph Reese were indicted in the Court of Oyer and Terminer of Allegheny County on a charge of armed robbery. Reese pleaded guilty and was a witness for the prosecution at the trial of Savor and Clegg. He testified that the three of them selected a drug store as a place to rob and drove around the block to "case the place;" that Savor owned and drove the car, and was fully cognizant of the plans; that Savor owned the gun which was used and gave it to Reese before Reese and Clegg entered the drug store; that Savor waited in the car while they robbed the store; and that the proceeds of the robbery were split between Savor, Clegg and Reese in the automobile following the robbery.

Reese was questioned by the district attorney as follows: "Q. How long have you known Mr. Clegg and Mr. Savor? A. Well I met Mr. Savor in 1943 in the

Western State Penitentiary. Objection was made to the answer as prejudicial to Savor because it indicated that he had committed a prior serious crime. The objection was sustained, the answer stricken, and the jury warned by the trial judge to ignore it. Subsequently, a motion to withdraw a juror was made and denied.

Savor and Clegg were convicted and sentenced. Savor appealed to this Court contending then, as he does again at this time, that he should be granted a new trial because the trial judge refused to withdraw a juror after the reference of Reese to meeting him in the Western State Penitentiary. In an opinion written by Judge WRIGHT, 180 Pa. Superior Ct. 469, 119 A. 2d 849 (1956), we held that the appellant had a fair trial, and we sustained the conviction. An allocatur was sought and obtained from the Pennsylvania Supreme Court. That Court affirmed the conviction on the opinion of Judge WRIGHT, 386 Pa. 523, 126 A. 2d 444. Certiorari was denied by the Supreme Court of the United States, 353 U. S. 958. The fairness of his trial was thus examined by three appellate courts, including the Supreme Court of the United States. After the highest Court of this Commonwealth and the Supreme Court of the United States examined his case and denied him relief, the appellant then attempted to have the same question again examined by the courts. He filed a petition for a writ of habeas corpus in the Federal District Court for the Middle District of Pennsylvania. That court refused to grant the writ. He then filed the petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County. From the refusal of that court to grant the writ, he now appeals to this Court. Having had six courts pass upon the issue here raised, he is now asking this Court to pass upon it a second time.

The appellant contends that we decided the same issue differently in his case and in *Commonwealth v. Boulden*, 179 Pa. Superior Ct. 328, 116 A. 2d. 867 (1955). In that case we dealt at length with the law relating to the basic problem here involved. The facts were not the same in these two cases, and there is no inconsistency in their holdings, but we shall not again discuss the merits of his request for a new trial. We see no reason why we should re-examine, in a habeas corpus proceedings, the identical question already passed upon on appeal, not only by us, but by the Supreme Court of Pennsylvania, and at least to the extent of refusing a certiorari, by the Supreme Court of the United States.

Counsel for the appellant states that the purpose of this petition is "to secure a determination of the questions herein involved, not from the point of view of whether the matters complained of are trial errors entitling the plaintiff to a new trial, but whether they are of sufficient importance as to render the conviction void, as a denial of due processes of law under state and federal constitutions."

Trial errors are not always of sufficient importance to amount to a constitutional denial of due process; *Frank v. Mangum*, 237 U. S. 309 (1915). Ordinarily, errors with respect to the admission of evidence do not measure up to the status of lack of due process. 16A C. J. S. §589. Thus, in some cases, this Court may have *granted* a new trial for trial errors not sufficiently basic to constitute a constitutional denial of due process, but it certainly *never refused to grant* a new trial when it believed the alleged error was of sufficient importance to amount to a denial of due process. It is presumptuous to suggest that the Supreme Court and this Court in passing upon the alleged trial error in this case, concluded that it did not require the granting

of a new trial, without also concluding that the alleged error did not result in a denial of due process. If we thought an alleged error was not of sufficient importance to grant a new trial, we thought it was not of sufficient importance to amount to a denial of due process. The contention of the appellant here is as though he were arguing that the courts having determined that a distance in issue was less than a mile, must look at the issue again because they did not determine that the distance was less than two miles.

In disposing of the prisoner's case on appeal from his sentence, both the Superior Court and the Supreme Court of this Commonwealth have, by their orders, held that the petitioner was not "denied due processes of law in the trial of his case."

This defendant was entitled to have his trial examined by the appellate courts, up to the Supreme Court of the United States. Counsel for appellant now suggests that "the present proceeding will afford an opportunity for the appellate courts to re-examine their holdings in this case." This is not a proper purpose of the writ of habeas corpus. *Frank v. Mangum,* 237 U. S. 309 (1915); *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 143 A. 2d 657 (1958); *Commonwealth ex rel. Kennedy v. Myers,* 393 Pa. 535, 143 A. 2d 660 (1958); *Commonwealth ex rel. Pierce v. Martin,* 183 Pa. Superior Ct. 272, 130 A. 2d 727 (1957); *Commonwealth ex rel. Chaney v. Cavell,* 185 Pa. Superior Ct. 82, 138 A. 2d 180 (1958). Appellant is not entitled to have the same question reviewed over and over again with the hope that somewhere, sometime he may find a state or federal court which disagrees with all the other courts which have passed upon his question and will release him either by direct order or by granting him a new trial at a time so long after the alleged offense that the witnesses against him will have

died, or disappeared or lost the clarity of memory necessary to convince a jury beyond a reasonable doubt.

The administration of the criminal law will suffer substantially, and many of the most hardened and vicious convicts will be released to prey upon innocent citizens, if new trials are promiscuously granted by state or federal courts on the second and third round of considering the same question.

This Court, the Supreme Court of Pennsylvania and the Supreme Court of the United States have given serious consideration to the trial of this defendant and all have concluded that he was legally and justly convicted and sentenced.

The appellant is attempting to secure not only a review but a *re*review of trial errors by a writ of habeas corpus. This he cannot do.

The court below properly dismissed the writ.

Order affirmed.