J-S47043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY PAGE | |
| Appellant | No. 873 EDA 2014 |

Appeal from the PCRA Order of February 18, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0021037-1986

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 13, 2014**

Anthony Page appeals the February 18, 2014 order that dismissed his petition for a writ of *habeas corpus*. We affirm.

Due to the nature of our decision, we need not review the factual history of Page's case. The relevant procedural history of this case was summarized by the panel of this Court that denied Page's third petition pursuant to the Post-Conviction Relief Act ("PCRA"),[1] as follows:

> On October 15, 1986, following a multi-day jury trial, [Page] was convicted of second[-]degree murder[2] and was subsequently sentenced to a term of life imprisonment. [Page's] judgment

---

[1]     42 Pa.C.S. §§ 9541-46.

[2]     18 Pa.C.S. § 2502(b).

was affirmed by the Superior Court of Pennsylvania.[3] The Pennsylvania Supreme Court denied his [petition for allowance of] appeal on April 14, 1989.[4] Thereafter, [Page's] father retained attorney Louis T. Savino, Esq. ("Savino")[,] to represent [Page] in filing a [PCRA petition. Page] received correspondence from Savino dated September 24, 1996[,] informing [Page] that he . . . was attempting to schedule a PCRA hearing. However, approximately two years later on May 4, 1998, [Page] was informed by [the PCRA court] that there was no pending action related to his case. [Page] then filed a *pro se* PCRA petition on April 9, 1999. In an effort to assist their son, [Page's] parents hired another attorney by the name of Clinton Johnson, Esq. However, Johnson never entered his appearance or contacted [the PCRA court] to inform it of his representation. As a result, George Nikolaou, Esq. ("Nikolaou")[,] was appointed to represent [Page]. Upon reviewing [Page's] PCRA petition, Nikolaou found it to be meritless. Relying on Nikolaou's recommendation and after conducting [its] own independent review, [the PCRA court] dismissed [Page's PCRA petition. The] decision was subsequently affirmed by the Superior Court on [July 17], 2000.[5 Page] then filed a second PCRA petition on [or about] May 22, 2002. Finding this petition to also lack merit, [the PCRA court] dismissed it and [the] decision was ultimately affirmed by the Superior Court.[6 On October 23, 2003, the Pennsylvania Supreme Court denied Page's petition for allowance of appeal.7]

_____

[3] ***Commonwealth v. Page***, 548 A.2d 642 (Pa. Super. July 29, 1988) (table).

[4] ***Commonwealth v. Page***, 559 A.2d 36 (Pa. April 14, 1989) (table).

[5] ***Commonwealth v. Page***, 761 A.2d 1237 (Pa. Super. July 17, 2000) (table).

[6] ***Commonwealth v. Page***, 830 A.2d 1051 (Pa. Super. June 16, 2003) (table).

[7] ***Commonwealth v. Page***, 834 A.2d 1142 (Pa. October 23, 2003) (table).

[Page] filed [a third] PCRA petition on March 4, 2008[,] whereby he assert[ed] that Savino's and Johnson's inactions constitute[d] counsel abandonment.

*Commonwealth v. Page*, 1583 EDA 2008, slip op. at 1-2 (Pa. Super. October 30, 2009), *reargument denied* (April 16, 2009). The PCRA court denied Page's third PCRA petition, and this Court affirmed the denial on February 11, 2009. *Id.* On September 28, 2009, our Supreme Court denied Page's petition for allowance of appeal. *Commonwealth v. Page*, 980 A.2d 607 (Pa. September 28, 2009) (table). On August 24, 2012, Page filed a fourth PCRA petition. On October 23, 2012, the PCRA court dismissed Page's petition. Page did not file an appeal.

On October 24, 2013, Page filed a *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*." Specifically, Page alleged that John Kerestes, in his capacity as the Superintendent of SCI—Mahanoy, was illegally detaining Page "without a signed sentencing order [from] the sentencing [court]." *See* Page's Petition for Writ of *Habeas Corpus Ad Subjiciendum*, 10/24/2013, at 1-2. On December 18, 2013, the Commonwealth filed a response to Page's petition arguing, in relevant part, that Page's petition should be construed as a PCRA petition and, as such, was untimely.

On December 20, 2013, the trial court entered notice of its intent to dismiss Page's appeal without a hearing pursuant to Pa.R.Crim.P. 907. On January 7, 2014, Page filed a response. On February 18, 2014, the trial court dismissed Page's petition as a meritless, and untimely, PCRA petition.

Specifically, the trial court stated that Page's petition "failed to allege any legally cognizable grounds for the relief requested, and [is] untimely pursuant to 42 Pa.C.S. § 9545(b)." Order, 2/18/2014, at 1 (unpaginated). On March 6, 2014, Page filed a motion for reconsideration. The trial court did not file a response to this filing.

On March 19, 2014, Page filed a notice of appeal. The trial court did not order Page to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Page did not file one. On March 24, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it reiterated its previous conclusion that Page's appeal was an untimely PCRA petition: "[I]rrespective of its merits, [Page's] petition was filed well after the one-year time limit set out at 42 Pa.C.S. § 9545(b) since [Page's] judgment of sentence became final on July 13, 1989." *See* Opinion, 3/24/2014, at 2.

Page presents a single issue for our consideration: "Did the [trial] court [err] in applying the PCRA statute to [Page's] *habeas* petition?" Page's Brief at 2.

The trial court chose to treat Page's petition for a writ of *habeas corpus* as a PCRA petition because Page alleged that his sentence was illegal due to the alleged inability of the Department of Corrections ("DOC") to produce a written sentencing order. *See* 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal

sentences may obtain collateral relief."). However, this Court has recently held that Page's claim properly implicates our jurisdiction pursuant to *habeas corpus*, and not the PCRA: "[A] claim that a defendant's sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence" constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph v. Glunt***, 2014 PA Super 107, at *3 (Pa. Super. May 23, 2014) (citing ***Brown v. Penna. Dept. of Corr.***, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*) (citing ***Commonwealth ex rel. Bryant v. Hendrick***, 280 A.2d 110, 112 (Pa. 1971)); ***Warren v. DOC***, 616 A.2d 140, 142 (Pa. Cmwlth. 1992)). Accordingly, we will treat Page's submission as a petition for a writ of *habeas corpus* instead of a petition under the PCRA, which typically governs such collateral claims of illegal sentence.[8]

Accordingly, we must concede that Page is technically correct in asserting that the trial court committed error. Given the scope of Page's claim, it is clear that the trial court should not have treated Page's submission as a PCRA petition. ***Glunt***, *supra*. However, "we are not bound by the rationale of the trial court and may affirm on any basis." ***Southwestern Energy Production Co. v. Forest Resources, LLC***, 83 A.2d 177, 185 (Pa. Super. 2013) (citing ***Richmond v. McHale***, 35 A.3d

_____

[8] Because we conclude that Page's petition was not cognizable under the PCRA, we refer to the Court of Common Pleas of Montgomery County as the "trial court" throughout this memorandum, as opposed to the "PCRA court."

779, 786 n.2 (Pa. Super. 2012)). Reviewing the substance of Page's underlying claim, we conclude that we may affirm the trial court's conclusion on an alternative basis. Specifically, we are constrained to conclude that Page's petition for a writ of *habeas corpus* is meritless.

> Our standard of review in this context is axiomatic:

> The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.

*Commonwealth v. Wolfe*, 605 A.2d 1271, 1272-73 (Pa. Super. 1992) (internal citations omitted). "Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process." *Commonwealth v. McNeil*, 665 A.2d 1247, 1249-50 (Pa. Super. 1995) (citing *Wolfe*, 605 A.2d at 1273). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." *Id.* (citing *Commonwealth ex rel. Kennedy v. Myers*, 143 A.2d 660, 661 (Pa. 1958)). "Our standard of review of a trial court's order denying a petition for [a] writ of *habeas corpus* is limited to [an] abuse of discretion." *Rivera v. Penna. Dep't of Corrs.*, 837 A.2d 525, 528 (Pa. Super. 2003).

Instantly, Page argues that the DOC has failed to produce a written copy of his sentencing order pursuant to 42 Pa.C.S. § 9764(a)(8). *See* Page's Brief at 6-7 ("The claim that [Page] raised in his *habeas* petition

stems from 42 Pa.C.S.A. § 9764 . . . . Upon realizing that the [DOC] did not have a copy of the sentencing order, . . . [Page] filed his *habeas* petition."). In pertinent part, the statute cited by Page in support of his argument provides as follows:

> **§ 9764. Information required upon commitment and subsequent disposition**
>
> **(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> *     *     *
>
> > (8)     A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764.

Page is not the first Pennsylvania criminal appellant to seek relief by way of section 9764. A panel of this Court adjudicated an identical issue in *Glunt*, and concluded that section 9764 does not provide a cause of action, or a remedy, for incarcerated appellants:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the

vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

***Glunt***, 2014 PA Super, at *5 (citing ***Travis v. Giroux***, No. 489 C.D. 2013, 2013 WL 6710773, at *3 (Pa. Cmwlth. Dec. 18, 2013)). Accordingly, in ***Glunt***, this Court affirmed the trial court's dismissal of the appellant's petition for a writ of *habeas corpus*.

Assuming, *arguendo*, that Page is correct and the DOC is unable to produce a written copy of his sentencing order pursuant to subsection 9764(a)(8), he is not due any relief. ***Glunt***, *supra*; ***see Travis***, 2013 WL 6710773, at *3 ("The current version of [subsection 9764(a)(8)] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC**." (emphasis in original)).[9]

Consequently, although it was error to treat Page's submission as a PCRA petition, the trial court nonetheless did not abuse its discretion in dismissing Page's petition for a writ of *habeas corpus*.

Order affirmed.

_____

[9] The decisions of the Commonwealth Court are not binding upon this Court, but may serve as persuasive authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 885 (Pa. Super. 2010); ***see also Petow v. Warehime***, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010) ("[W]e may turn to our colleagues on the Commonwealth Court for guidance when appropriate.").

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014