J-S74044-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DENNIS MADDREY, :
:
Appellant : No. 1675 EDA 2014

Appeal from the Order Entered May 22, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008761-2009

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED JANUARY 23, 2015**

Dennis Maddrey (Appellant) appeals from an order denying his petition for a writ of *habeas corpus ad subjiciendum*.  Upon review, we affirm.

On December 17, 2010, Appellant was convicted, following a bench trial, of numerous crimes arising out of his role in a string of armed robberies that occurred in Montgomery County in August of 2009.  He was sentenced to an aggregate term of 20 to 40 years' imprisonment.  On June 29, 2012, a panel of this Court affirmed Appellant's judgment of sentence, and his petition for allowance of appeal to our Supreme Court was denied on February 14, 2013. **Commonwealth v. Maddrey**, 53 A.3d 943 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 775 (Pa. 2013).

On February 25, 2013, Appellant filed timely a *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.

---

* Retired Senior Judge assigned to the Superior Court.

Counsel was appointed and filed a no-merit letter along with a request to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted counsel to withdraw, complied with the requirements of Pa.R.Crim.P. 907, and eventually dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal to this Court.

On April 18, 2014, while that appeal was pending, Appellant filed a document entitled Praecipe for Writ of *Habeas Corpus Ad Subjiciendum*.[1] The caption listed Appellant as the Petitioner and Nancy Giroux as Respondent.[2] In the petition, Appellant asserted that he was being unlawfully restrained in violation of 37 Pa.Code § 91.3 and 42 Pa.C.S. § 9762.

On May 22, 2014, the lower court denied Appellant's claim for writ of *habeas corpus*. The lower court also denied as premature Appellant's claims to the extent the relief requested was cognizable under the PCRA, as Appellant's 2013 PCRA petition was still pending. **See** Order, 5/23/2014. **See Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012) ("[A] PCRA … court cannot entertain a new PCRA petition when a prior petition is still

---

[1] A petition for writ of *habeas corpus ad subjiciendum* is defined as "[a] writ directed to someone detaining another person and commanding that the detainee be brought to court." **Woodens v. Glunt**, 96 A.3d 365, 367 n.2 (Pa. Super. 2014) (quoting Black's Law Dictionary 778 (9th ed. 2009)).

[2] Nancy Giroux is the superintendent of SCI-Albion, where Appellant is incarcerated.

under review on appeal[.]"). Appellant timely filed a notice of appeal, and both Appellant and the lower court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth several issues for review, which generally can be boiled down to one: whether the lower court erred in denying Appellant relief.

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order only where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

*Com. ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002) (citations omitted).

Appellant argues that he is being unlawfully restrained "of his liberties by SCI Albion/DOC due to [the] reliance on documentation that is inconsistent with the legislative mandates imposed by 37 Pa. Code § 91.3 and 42 Pa.C.S. § 9762." Appellant's Brief at 8. Specifically, Appellant argues that his sentencing order does not conform to the mandates of section 9762, which states, in relevant part, as follows: "For the three-year period beginning on the effective date of this subsection, **all persons sentenced to total or partial confinement** for the following terms shall be committed as follows:" 42 Pa.C.S. § 9762 (emphasis added). Appellant argues that his sentencing order is invalid because it utilized the word "imprisonment" instead of "confinement" as utilized in the statute. Appellant goes on to

- 3 -

argue that because his sentencing order was invalid, he is entitled to be released.

The lower court concluded that any suggestion that Appellant's sentencing order did not comply with a prescribed statute is an issue concerning the legality of his sentence which is cognizable under the PCRA. Lower Court Opinion, 6/26/2014, at 5. Accordingly, the lower court concluded that because Appellant's request for PCRA relief was premature, as an appeal from Appellant's first petition was pending, it did not have jurisdiction to entertain the claim. We agree.

It is well settled that "[a] challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citations and quotations omitted). Thus, because the lower court did not have jurisdiction to entertain this premature PCRA petition, to the extent the issue concerned the legality of Appellant's sentence, the lower court properly denied relief.

However, if the claim is considered properly as a petition for writ of *habeas corpus*, the lower court had jurisdiction to entertain it.[3] We consider

---

[3] Appellant devotes several pages of his brief to an argument that the lower court erred by changing the caption in this case by substituting Commonwealth v. Appellant as the caption. Appellant argues that this

- 4 -

this claim mindful of this Court's recent decision in **Woodens v. Glunt**, 96 A.3d 365 (Pa. Super. 2014).

In that case, Woodens filed in the Court of Common Pleas of Clearfield County a petition for writ of *habeas corpus ad subjiciendum* against Jay Glunt, the superintendent of SCI-Houtzdale, where Woodens was incarcerated. The lower court entertained the petition pursuant to a recent *per curiam* opinion of our Supreme Court, which held that "a claim that a defendant's sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*." **Woodens**, 96 A.3d at 368 (quoting **Brown v. Pa. Dept. of Corrections**, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*)).[4]

The lower court denied Woodens' petition, and Woodens appealed to this Court. A panel of this Court analyzed this issue as follows.

Our standard of review in this context is axiomatic:

> The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William

---

change absolved Nancy Giroux of responsibility. Appellant's Brief at 7-8. Appellant goes on to argue that the lower court erred in changing this "civil" case to a "criminal" case, thereby dispensing with the rule to show cause procedure available in civil matters. Appellant's Brief at 10-12. Given our disposition of the substance of Appellant's claim, his complaints as to alleged procedural improprieties are moot.

[4] In **Brown**, the Supreme Court held that the Court of Common Pleas where the judgment of sentence originated was the proper tribunal to consider such a claim sounding in *habeas corpus*. 81 A.3d at 815.

> Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.

*Commonwealth v. Wolfe*, 413 Pa.Super. 583, 605 A.2d 1271, 1272–73 (1992) (internal citations omitted). "Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process." *Commonwealth v. McNeil*, 445 Pa. Super. 526, 665 A.2d 1247, 1249–50 (1995) (citing *Wolfe*, 605 A.2d at 1273). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." *Id*. (citing *Commonwealth ex rel. Kennedy v. Myers*, 393 Pa. 535, 143 A.2d 660, 661 (1958)). "Our standard of review of a trial court's order denying a petition for [a] writ of *habeas corpus* is limited to [an] abuse of discretion." *Rivera v. Penna. Dep't of Corrs.*, 837 A.2d 525, 528 (Pa. Super. 2003).

The statute cited by Woodens in support of his argument provides, in pertinent part, as follows:

**§ 9764. Information required upon commitment and subsequent disposition**

> **(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

> * * *

> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764. Although not mentioned explicitly in his brief before this Court, Woodens previously has invoked 37 Pa.Code

- 6 -

§ 91.3 ("Reception of inmates") in support of his claims, *see* Woodens' Petition for Writ of *Habeas Corpus Ad Subjiciendum*, 5/10/2013, at 6–10, which provides as follows: "[The DOC] will accept and confine those persons committed to it under lawful court orders ... when information has been provided to [the DOC] as required by 42 Pa.C.S. § 9764 (relating to information required upon commitment and subsequent disposition)." 37 Pa.Code § 91.3.

Woodens advances numerous legal arguments in support of the instant petition, many of which are not relevant to the present controversy. The most complete statement of Woodens' argument is as follows: [T]he only sentence imposed upon a prisoner was the one signed by the sentencing judge, under statutory authority and entered into the record .... 42 Pa.C.S. § 9764 does not state anywhere in its provision[s] that a "sentencing order" can be substituted by any other documents, *e.g.*, [the] transcript of [the] sentencing proceedings. Woodens' Brief at 12. Woodens argues that the use of the word "shall" in section 9764 establishes a mandatory requirement that the DOC must satisfy in order to establish its jurisdiction to detain a prisoner. *Id*. Consequently, Woodens claims that the DOC's inability to produce a copy of this sentencing report constitutes a fatal failure that should result in his immediate release. We disagree.

Woodens is not the first individual to assert this species of claim. In addition to the aforementioned holding in **Brown**, our Commonwealth Court has adjudicated at least one similar appeal on the merits, albeit in an unpublished memorandum. In **Travis v. Giroux**, No. 489 C.D.2013, 2013 WL 6710773 (Pa. Cmwlth. Dec. 18, 2013), an appellant challenged the DOC's authority to hold him in custody because, as in the present situation, the DOC was unable to produce a written sentencing order. Relying upon two holdings from the United States District Court for the Eastern District of Pennsylvania, the Commonwealth Court held that subsection 9764(a)(8) does not provide a cause of action for prisoners:

The current version of [42 Pa.C.S. § 9764(a)(8)] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC.** The statute

regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for *habeas* relief. ***Travis***, 2013 WL 6710773, at *3 (quoting ***Gibson v. Wenerowicz***, No. 11–CV–7751, slip op. at 3 n. 6, 2013 WL 3463575 (E.D.Pa. Mar. 5, 2013), report and recommendation adopted as modified, (E.D.Pa. Jul. 10, 2013) (citing ***Mundy v. Kerestes***, No. 13–6081, slip op. at 1, 2013 WL 5781108 (E.D.Pa. Oct. 24, 2013))) (emphasis in original). Specifically, the Commonwealth Court emphasized that the appellant in ***Travis*** did not dispute that he had pleaded guilty and that he was sentenced upon that plea. Thus, even where there appeared to be no sentencing order in the possession of the DOC or the trial court, the Commonwealth Court held that subsection 9764(a)(8) furnished no basis for relief where the appellant's sentence was confirmed by the certified record. ***Id***. at *3–4 (holding that the appellant's claim pursuant to subsection 9764(a)(8) was "without merit" where the criminal docket confirmed that the appellant had pleaded guilty and had been duly sentenced).

Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 885 (Pa. Super. 2010); ***see also Petow v. Warehime***, 996 A.2d 1083, 1088 n. 1 (Pa. Super. 2010) ("[W]e may turn to our colleagues on the Commonwealth Court for guidance when appropriate."). We find the reasoning presented in ***Travis*** to be probative and instructive. The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

***Woodens v. Glunt***, 96 A.3d 365, 369-71 (Pa. Super. 2014) (footnotes omitted; emphasis in original). Accordingly, this Court affirmed the order of the lower court denying Woodens' request for *habeas corpus* relief.

Instantly, Appellant contends that his argument is distinguishable from that considered in **Woodens**, as he relies upon 42 Pa.C.S. § 9762 rather than section 9764 for relief. Appellant's Brief at 14. Appellant argues that because his sentencing order, which uses the term "imprisonment," is not a "lawful court order" conforming to the mandates of 42 Pa.C.S. § 9762, he is entitled to release. This statute governs where a criminal defendant can be confined, a county jail or a state prison. **See Commonwealth v. Stalnaker**, 376 Pa. Super. 181, 185 (1988) (concerning a trial court's discretion "with respect to determining the place for confinement under 42 Pa.C.S.A. § 9762(2)."). Thus, similar to our holding in **Woodens**, we conclude that Section 9762 "does not create any remedy or cause of action for a prisoner…." 96 A.3d at 370. Accordingly, Appellant's attempt to utilize this statute to gain relief is in error; therefore, the PCRA court properly denied Appellant's petition for writ of *habeas corpus ad subjiciendum*.

For the foregoing reasons, we affirm the order of the PCRA court denying Appellant's petition for writ of *habeas corpus ad subjiciendum*.[5]

Order affirmed.

---

[5] Appellant also sets forth an incomprehensible argument that the lower court erred in "disregarding his 'Affidavit and Declaration in support of his petition.'" Appellant's Brief at 12. Appellant seems to be arguing that anything he set forth in his affidavit must be true because it was "unrebutted" by Giroux. *Id*. at 13. Appellant's affidavit, attached to the originally filed writ, merely restated his belief that his arguments are true. The lower court's failure to consider it is without merit, as we have already concluded that Appellant is not entitled to relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015