J-S18043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIE E. POLITE | |
| Appellant | No. 1657 EDA 2016 |

Appeal from the Order May 13, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0832881-1991

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 18, 2017**

Appellant, Willie E. Polite, appeals from the order entered in the

Philadelphia County Court of Common Pleas denying his petition for writ of

*habeas corpus* and all supplemental petitions. We affirm.

We adopt the facts as set forth by a prior panel of this Court:

> On July 5, 1991 Donna Phillips went to the home of her
> friend, Viola Yarnell, at 519 North 54th Street. No one
> responded to her knocks on the door, but she could hear
> the footsteps of Ms. Yarnell's one and a half year old
> daughter. When she tried the doorknob, she found the
> door unlocked and entered. Inside she encountered the
> child who had blood splattered on her dress. As she went
> farther into the apartment she saw blood on the wall and
> then discovered the lifeless body of Viola Yarnell lying on
> the floor. The victim was pronounced dead at the scene.
> The body had endured twenty (20) incised wounds or cuts
> and three (3) stab wounds penetrating the right and left
> chest, right lung and heart. Following an investigation by
> Philadelphia homicide detectives, statements were taken

---

[*] Former Justice specially assigned to the Superior Court.

from acquaintances of [Appellant] who acknowledged that he had admitted stabbing Viola Yarnell to death. . . .

*Commonwealth v. Polite*, 01515 Phl 1993 (unpublished memorandum at 2) (Pa. Super. Apr. 13, 1994).[1]

A prior panel of this Court stated the procedural posture of this case as follows:

> On March 27, 1992, following a jury trial, [Appellant] was convicted of first degree murder and possession of an instrument of crime. [Appellant's] convictions stemmed from the murder of Viola Yarrell. Thereafter, on April 27, 1993, [Appellant] was sentenced to a term of life imprisonment for the first-degree murder conviction and a concurrent term of two and a half ($2^1/_2$) to five (5) years for the conviction of possession of an instrument of crime.
>
> [Appellant] filed a direct appeal on April 30, 1993. This Court confirmed [his] judgment of sentence on April 13, 1994. *See Commonwealth v. Polite*, 645 A.2d 892 (Pa. Super. 1994) (unpublished memorandum). Our Supreme Court denied [his] application for review on October 6, 1994. *See Commonwealth v. Polite*, [ ] 649 A.2d 670 (Pa. 1994) (table).
>
> On May 2, 1996, [Appellant] filed a [Post Conviction Relief Act[2] ("PCRA")] petition. The petition was denied by the PCRA court's order entered on May 9, 1997. [Appellant] did not appeal the denial of his petition.
>
> On January 20, 2000, [Appellant] filed a *pro se* PCRA petition, his second such petition, which was subsequently amended, by privately retained counsel, on September 21, 2000. On March 9, 2001, the PCRA court entered an order again denying [Appellant's] PCRA petition. [Appellant]

---

[1] We note this Court stated the facts as they "were adequately described by the trial court[.]" *Id.*

[2] 42 Pa.C.S. §§ 9541-9546.

appealed the dismissal of his petition, however, this Court affirmed the denial of the petition on May 16, 2002. **See Commonwealth v. Polite**, 804 A.2d 59 (Pa. Super. 2002) (unpublished memorandum).

On November 5, 2003, [Appellant] filed another *pro se* PCRA petition, his third such petition. The PCRA court appointed counsel and counsel subsequently filed, on July 28, 2004, a **Turner**/**Finley** "no merit" letter.[4] On July 28, 2004, the PCRA court provided [Appellant] with notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. [907]. Thereafter, on September 21, 2004, the PCRA court entered an order dismissing [his] PCRA petition. . . .

_____
[4] **Commonwealth v. Turner**, [ ] 544 A.2d 927 ([Pa.] 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

**Commonwealth v. Polite**, 2919 EDA 2004, (unpublished memorandum at 1-3), (Pa. Super. Nov. 30, 2005) (some footnotes omitted). This Court affirmed the order denying Appellant's third PCRA petition. **See id.** On February 21, 2006, Appellant filed a petition for allowance of appeal in the Pennsylvania Supreme Court. On August 29, 2006, the Supreme Court denied the petition. **See Commonwealth v. Polite**, 906 A.2d 541 (Pa. 2006).

On June 5, 2008, Appellant filed his fourth PCRA petition and amended PCRA petition on December 4, 2008. On September 28, 2009, he filed a petition for writ of *habeas corpus*. On July 26, 2011, the PCRA court dismissed his fourth PCRA petition. The court also dismissed his petition for writ of *habeas corpus* without prejudice to file a PCRA petition.

On February 5, 2013, Appellant filed the instant motion for writ of *habeas corpus ad subjiciendum*. On May 19, 2014, Appellant filed a motion for leave to supplement his motion. On May 13, 2016, the court denied the petition and all supplemental petitions. This timely appeal followed. Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On December 7, 2016, Appellant filed a *pro se* "Motion for Leave to Supplement Petitioner's Brief." On December 19, 2016, this Court entered an order granting Appellant's application to file a supplemental brief. This Court stated: "[u]pon consideration of the Appellant's *pro se* 'Motion for Leave to Supplement Petitioner's Brief,' the motion shall be treated as Appellant's supplemental appellate brief."

Appellant raises the following issue in his brief on appeal from the denial of the writ of *habeas corpus ad subjiciendum*: "Did the Trial Court Judge abuse his discretion by refusing to issue a genuine sentencing order, by denying access to Appellant to challenge the statute of murder as it applies to Appellant's case. Per order of the Supreme Court of Pennsylvania, to issue the Writ of *Habeas Corpus Ad Subjiciendum*?" Appellant's Brief at vi.

Appellant avers:

> On May 13, 2016, Judge Tucker, issued an order and opinion, dismissing Appellant's Writ of Habeas Corpus Ad Subjiciendum, as a PCRA Petition pursuant to ***Joseph v. Glunt***, 96 A.3d 365, 368-69 (Pa. Super. 2014), claiming that it does not matter whether the Department of

- 4 -

J-S18043-17

Corrections, possess a copy of a written sentencing order for Appellant.

*Id.* at 4. He avers that the trial court "abuses his position by implying that authority found in [42] Pa.C.S. § 9764(c.1)(3),[3] through [*Joseph*], is retroactive to this matter." *Id.* at 8.

In *Joseph*, this Court opined:

Initially, we note that the Pennsylvania Supreme Court, albeit in a *per curiam* opinion, has held that a claim that a defendant's sentence is illegal due to the inability of the DOC to "produce a written sentencing order related to [his] judgment of sentence" constitutes a claim legitimately sounding in *habeas corpus*. **Brown v. Penna. Dept. of Corr.**, [ ] 81 A.3d 814, 815 ([Pa.] 2013) (*per curiam* ) (citing **Commonwealth ex rel. Bryant v. Hendrick**, [ ] 280 A.2d 110, 112 ([Pa.] 1971); **Warren v. DOC**, [ ] 616 A.2d 140, 142 (Pa. Commw. 1992) ("An application for a writ of *habeas corpus* requests the applicant's release from prison.")). Accordingly, we will treat [petitioner's] submission as a petition for a writ of *habeas corpus* instead of a petition under the PCRA, which typically governs collateral claims implicating the legality of sentence. **See** 42 Pa.C.S. 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief.").

Our standard of review in this context is axiomatic:

_____

[3] Section 9764(c.1)(3) provides:

The Department of Corrections, board and a county correctional facility shall not be liable for compensatory, punitive or other damages for relying in good faith on any sentencing order or court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system or otherwise transmitted to them.

42 Pa.C.S. § 9764(c.1)(3).

- 5 -

The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.

*Commonwealth v. Wolfe*, [ ] 605 A.2d 1271, 1272–73 ([Pa. Super.] 1992) (internal citations omitted). "Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process." *Commonwealth v. McNeil*, [ ] 665 A.2d 1247, 1249–50 ([Pa. Super.] 1995) (citing *Wolfe*, 605 A.2d at 1273). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." *Id.* (citing *Commonwealth ex rel. Kennedy v. Myers*, [ ] 143 A.2d 660, 661 ([Pa.] 1958)). "Our standard of review of a trial court's order denying a petition for [a] writ of *habeas corpus* is limited to [an] abuse of discretion." *Rivera v. Penna. Dep't of Corrs.*, 837 A.2d 525, 528 (Pa. Super. 2003).

*Joseph*, 96 A.3d at 368–69. Furthermore,

We note the following with regard to relief under *habeas corpus*:

When a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. The rationale for this limitation is the presumption of regularity which follows the judgment. The writ, as stated above, is an extraordinary remedy and, therefore, a judgment rendered in the ordinary course is beyond the reach of *habeas corpus*. That conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. Consequently, **habeas corpus generally is not available to review a conviction which has been affirmed on appeal**.

> *Wolfe*, 605 A.2d at 1273.

*Id.* at 372 (some citations omitted and emphasis added).

The *Joseph* Court addressed the impact of Section 9764 on prisoners.

> [O]ur Commonwealth Court has adjudicated at least one similar appeal on the merits, albeit in an unpublished memorandum. In *Travis v. Giroux*, No. 489 C.D.2013, 2013 WL 6710773 (Pa. Cmwlth. Dec. 18, 2013), an appellant challenged the DOC's authority to hold him in custody because . . . the DOC was unable to produce a written sentencing order. Relying upon two holdings from the United States District Court for the Eastern District of Pennsylvania, the Commonwealth Court held that subsection 9764(a)(8) does not provide a cause of action for prisoners:[4]
>
>> The current version of [42 Pa.C.S. § 9764(a)(8) ] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC.** The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for *habeas relief*.
>
> *Travis*, 2013 WL 6710773, at *3. Specifically, the Commonwealth Court emphasized that the appellant in *Travis* did not dispute that he had pleaded guilty and that he was sentenced upon that plea. Thus, even where there appeared to be no sentencing order in the possession of the DOC **or** the trial court, the Commonwealth Court held that subsection 9764(a)(8) furnished no basis for relief where the appellant's sentence was confirmed by the certified record. *Id.* at *3–4 (holding that the appellant's claim pursuant to subsection 9764(a)(8) was "without merit" where the criminal docket confirmed that the

---

[4] We note that the appellant in *Travis* was sentenced prior to the effective date of the statute.

appellant had pleaded guilty and had been duly sentenced).

Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. *Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa. Super. 2010) . . . . We find the reasoning presented in *Travis* to be probative and instructive. **The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention.** None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, 96 A.3d at 370–71 (some citations omitted and some emphasis added).

In *Commonwealth v. Dozier*, 99 A.3d 106, 115 (Pa. Super. 2014), citing *Joseph* with approval, this Court opined:

Regardless of whether [the appellant] was unable to procure a copy of his sentencing order from various individuals and agencies, our review confirms that the certified record contains a sentencing order reflecting precisely the judgment of sentence recited at the outset of this opinion. Because the categorical nonexistence of such an order appears to be the linchpin of [his] argument, it necessarily fails. Moreover, this Court recently has held that it matters not whether the sentencing order is in the possession of any administrative or judicial body other than the certified record retained by the court of common pleas. *See* [*Joseph*, 96 A.3d at 371]. As in *Joseph*, the certified record in this case confirms and documents [the

- 8 -

> appellant's] judgment of sentence. Thus, this argument can provide no relief from [his] judgment of sentence.

***Dozier***, 99 A.3d at 115.

In the case *sub judice*, citing ***Joseph***, the trial court found no merit to Appellant's claim that he is entitled to *habeas corpus* relief based upon "the missing documentation establish[ing] that he is being held under an illegal sentence." Trial Ct. Op., 5/13/16, at 2. We agree no relief is due.

Instantly, the certified record confirms and documents Appellant's judgment of sentence. ***See Dozier***, 99 A.3d at 115; ***Joseph***, 96 A.2d at 371. Furthermore, Appellant's judgment of sentence was affirmed on appeal. ***See Joseph***, 96 A.3d at 372. Therefore, we find no basis for *habeas corpus* relief from his judgment of sentence. ***See id.*** We discern no abuse of discretion by the trial court. ***See id.*** at 368-69.

In his motion for leave to supplement petitioner's brief, Appellant seeks relief pursuant to the PCRA. He avers:

> Petitioner, Polite, Pro SE, (hereinafter known as Polite), hereby moves for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. § 9542 and 42 Pa.C.S. Pt. VIII, ch. 95, subchapter. B, seeking to vacate his illegal sentence, based on the Pennsylvania Superior Court's recent decision in ***Commonwealth v. Ciccone***, 2016 Pa. Super. 149; 2016 Pa. Super. Lexis 377 (decided July 12, 2016), which holds that where appellant received a mandatory minimum sentence under a statute that was rendered unconstitutional by ***Alleyne v. United States***, which was decided after he filed his timely Post Conviction Relief Act Petition and his conviction became final, he was serving an illegal sentence and appellate court therefore had jurisdiction under 42 Pa.C.S. § 9542 of the PCRA to correct it, as did the PCRA court below.

* * *

> Pennsylvania case law emphatically supports the proposition that illegal sentences must be corrected by Pennsylvania Court's when jurisdiction is not in doubt, and the PCRA statute explicitly states that it exists to provide a remedy for illegal sentences, without any retroactivity qualifications in the context of timely PCRA petitions.

Mot. for Leave to Supplement Pet'r's Br., 12/7/16, at 1-2, 14.

In the case *sub judice*, Appellant did not file a PCRA petition. However, even assuming *arguendo* that Appellant had a filed a PCRA petition, it would not be timely. Appellant's judgment of sentence became final on January 5, 1995, which marked the expiration of the ninety day time period for seeking *certiorari* in the United States Supreme court after the Pennsylvania Supreme Court declined to hear Appellant's petition for allowance of appeal on October 6, 1994. **See** 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant then had generally one year within which to file his PCRA petition.[5]

---

[5] As this Court previously noted, Appellant "does not benefit from the grace period provided in the statute for those petitioners whose judgment of sentence became final before the effective date of the amendments to the PCRA as that grace period only applies to first PCRA petitions that were filed by January 16, 1997." **Commonwealth v. Polite**, 2919 EDA 2004

In ***Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013), this court held that "[I]egality of sentence questions are not waivable and may be raised *sua sponte* by this court." ***Id.*** at 118. In ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court addressed the issue of "whether the Supreme Court of the United States' decision in ***Alleyne*** [ ] applies retroactively to attacks upon mandatory minimum sentences advanced on collateral review." ***Id.*** at 811. The ***Washington*** Court held that "***Alleyne*** does not apply retroactively to cases pending on collateral review . . . ." ***Id.*** at 820. Instantly, Appellant's judgment of sentence became final before ***Alleyne*** was decided. Therefore, he is not entitled to any relief based upon ***Alleyne***. ***Id.*** Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017

---

(unpublished memorandum at 6 n.1) (Pa. Super. Nov. 30, 2005) (citation omitted).